In the Matter of JAMES J. CORBETT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 3, 1982

**APPEARANCES OF COUNSEL**

*Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to practice at a term of the Appellate Division, First Department, on November 30, 1953, and thereafter maintained an office for the practice of law in this Department. On February 15, 1980, the Grievance Committee of the Bronx County Bar Association petitioned this court to discipline respondent on the ground of professional misconduct (Judiciary Law, § 90). However, this court held the motion in abeyance and on April 15, 1980 appointed Honorable JOSEPH A. MARTINIS, referee, to take testimony in regard to these charges and to report to this court.

Seven days of hearings were conducted from May to December, 1980 at which the seven charges of misconduct were reviewed. In general, respondent was charged with neglect and failure to render services for which he was retained. Respondent's acts which form the basis for these charges include, *inter alia,* two instances of permitting the Statute of Limitations to run so as to bar personal injuries claims; neglecting a matrimonial case by failing to file certain documents; delaying action on a personal injury claim and failing to co-operate with the investigation being conducted by the Grievance Committee of the Bronx Bar Association. In each of the previously mentioned matters, respondent either settled the claims with the respective clients and returned the fee or agreed to withdraw from the case. In addition, the respondent admitted his actions amounted to misconduct. Accordingly, the referee sustained each charge and determined that respondent's acts and omissions were in violation of the Code of Professional Responsibility (EC 6-1) and Disciplinary Rule 6-101 (A) (3).

However, the referee also determined that respondent "suffers from the disease of alcoholism and was an active alcoholic during the period when the acts and omissions complained of occurred." This disease, it was concluded, was the fountainhead of respondent's misconduct and these acts would not have occurred if respondent had not become an alcoholic.

The current petitioner, the Departmental Disciplinary Committee, moves to confirm the report of the referee; seeks an order directing that respondent be censured and that the New York State Bar Association Committee on Alcoholism be appointed to supervise respondent's practice for a period of eighteen months. Indeed, the respondent is admittedly guilty of misconduct and has violated the trust placed in him by his clients. However, respondent has recognized that a disabling disease is at the root of his problem and has undertaken a course of conduct, by joining Alcoholics Anonymous, to correct this problem. Respondent is now recovering from his struggle with alcoholism and none of the charges against him involve moral turpi-

tude or misappropriation of funds. In addition, he has made amends and restitution to those he harmed.

Accordingly, the report of the referee should be confirmed; respondent should be censured and the Committee on Alcoholism of the New York State Bar Association should be appointed to supervise respondent's legal practice for a period of eighteen months.

BIRNS, J. P., ROSS, LUPIANO, BLOOM and FEIN, JJ., concur.

Respondent censured and supervisor appointed for a period of eighteen months, as indicated in the order of this court.