(September 24, 1986)

■ In the Matter of PHILIP W. SCHUNK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—In this disciplinary proceeding, petitioner, the Committee on Professional Standards, charges respondent with neglect of an estate matter, neglect of a divorce action, conflict of interest in the divorce action and failure to cooperate with petitioner in its investigation of these matters.

Respondent was admitted to practice in the Fourth Judicial Department in 1957 and maintains a law office in New Paltz, Ulster County.

Following respondent's failure to answer the petition of charges which was served upon him by certified mail, personal service of the petition was effected in accordance with section 806.5 of this court's rules (22 NYCRR 806.5). Respondent's continued failure to answer resulted in the instant motion by petitioner for a default judgment. Respondent has also failed to answer this motion which was personally served upon him.

Respondent's failure to answer or appear in response to this matter is tantamount to an admission of the charges *(see, Matter of Kove,* 108 AD2d 986, 987). Moreover, the exhibits attached to the moving papers conclusively establish respondent's guilt of the misconduct alleged in the petition. Accordingly, the motion for a default judgment is granted.

In determining the disciplinary sanction to be imposed, we have taken into consideration the fact that respondent appears to have had no valid excuse for neglect of these two matters and, in both instances, he failed to respond to numerous client inquiries regarding the status of the files. In addition, respondent's repeated failure to cooperate with petitioner's investigation, including his failure to appear at a court-ordered examination because he had to attend to "personal business", constitutes behavior by a member of the Bar which is totally unacceptable.

Finally, we note that respondent has previously been both cautioned and admonished by petitioner for similar instances of professional misconduct. We would further observe that by his failure to appear in the instant proceeding, respondent has evinced a disregard for his fate as an attorney *(see, Matter of Grey,* 121 AD2d 844).

In view of the foregoing, it is concluded that respondent should be suspended for a period of six months.

Respondent suspended for six months, the date of commencement to be fixed in the order to be entered hereon. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.