## THIRD DEPARTMENT, JANUARY, 1987

### (January 6, 1987)

In the Matter of PHILIP W. SCHUNK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent was admitted to practice in the Fourth Judicial Department in 1957 and maintains a law office in New Paltz, Ulster County.

By decision of this court dated September 24, 1986, the motion of petitioner Committee on Professional Standards for a default judgment in this disciplinary proceeding was granted and respondent was ordered suspended from practice for a period of six months, effective November 3, 1986 (Matter of Schunk, 123 AD2d 480).

Prior to commencement of his suspension, respondent moved to open his default and for an order permitting him to be heard in mitigation. The thrust of this application was that although respondent admitted to the charges of neglect, conflict of interest and failure to cooperate with petitioner in its investigation as set forth in the petition, his misconduct and failure to appear in this proceeding were largely attributable to the fact that he currently suffers from the disease of alcoholism. Respondent alleged that prior to his suspension he was unable to face the reality of his drinking problem, that the shame and embarrassment associated with his condition resulted in his default, and that his alcoholism was now being offered not as an excuse but rather in explanation and mitigation of his conduct. In addition, respondent stated that he had

stopped drinking, was seeking professional assistance as indicated by the report of an alcoholic treatment counselor attached to his motion, and had commenced attending meetings of Alcoholics Anonymous. Finally, he indicated his willingness to submit to monitoring of his practice by the New York State Bar Association's Committee on Lawyer Alcoholism as was directed by the First Department in *Matter of Corbett* (87 AD2d 140).

By further decision dated November 24, 1986, respondent's motion was granted to the extent that his suspension was stayed pending an appearance before the court for the purpose of being heard in mitigation. The court also directed that he submit a written plan for supervision and monitoring of his practice by the New York State Bar Association's Committee on Lawyer Alcoholism for the court's consideration *(Matter of Schunk,* 124 AD2d 928).

Respondent appeared and was heard in mitigation. Numerous affidavits attesting to his good character and reputation in the community were also submitted on his behalf. As directed, a proposed plan for supervision of respondent's practice by the Committee on Lawyer Alcoholism was also filed. Among other things, the plan requires respondent's intensive involvement in the Alcoholics Anonymous program and his full cooperation with the attorney appointed to oversee his practice. It also provides for periodic reports to be filed with the court by the attorney supervisor and specifies that should respondent fail to remain abstinent or should he commit any new acts of professional misconduct, the supervision shall immediately terminate and the matter shall revert to this court for further disciplinary proceedings.

After a thorough review of all of the papers submitted and after having heard both petitioner and respondent at the hearing in mitigation, we are of the opinion that the penalty of suspension initially imposed would not be an appropriate sanction in this case in view of respondent's alcoholism. First of all, although we in no way countenance the underlying misconduct admittedly committed by respondent (largely neglect of two client matters), we observe that this misconduct was not substantial nor did it involve moral turpitude or misappropriation of funds *(see, Matter of Corbett, supra,* pp 141-142). Secondly, as concluded in the extensive report of the alcoholic treatment counselor, it does not appear that respondent's condition has resulted in his physical or mental impairment so as to endanger the interests of present or future clients. Thirdly, we are impressed by the fact that respondent

has now admitted to himself that he has a drinking problem and has taken appropriate initial steps to seek the assistance of others in maintaining his sobriety. Lastly, we are satisfied that the proposed plan for supervision of respondent's practice, as developed by the New York State Bar Association's Committee on Lawyer Alcoholism, will permit this sole practitioner to continue to earn a livelihood on a trial basis while at the same time affording adequate protection to the public.

We therefore conclude that the order of suspension entered October 3, 1986 should be vacated and that respondent should be censured for his misconduct. It is further directed that respondent's practice be supervised for a period of 18 months in accordance with the plan proposed by the New York State Bar Association's Committee on Lawyer Alcoholism. In the event respondent violates any of the provisions of the plan or commits any new act of misconduct during the supervision period, petitioner shall immediately apply for an order returning the proceeding to the court's calendar for the imposition of appropriate discipline.

Finally, we wish to make clear that the extension of leniency to the instant respondent is limited to the particular facts of his case and that this court will not hesitate to suspend or disbar any attorney, including one afflicted with the disease of alcoholism, where serious misconduct is found or where such discipline is otherwise necessitated in order to protect the public interest (see, e.g., Matter of Dalton, 58 AD2d 913; Matter of Walls, 37 AD2d 1030, 1031). Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.