■ In the Matter of JAMES J. WOODS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to the Bar by this court in 1960. He is a sole practitioner in the City of Cortland.

In the instant proceeding to discipline respondent for profes-

sional misconduct, petitioner moves for an order confirming in part and disaffirming in part the report of the Referee to whom the matter was referred. In that report, the Referee sustained a majority of the six charges of professional misconduct brought against respondent.

The first four charges arise out of respondent's representation in two legal matters of client Joseph P. Burda, Jr. and respondent's attempt to limit his liability to said client. Burda came to respondent in October 1977, retaining him to represent Burda and his infant daughter Karen in a personal injury action against a bookstore in Cortland where an accident had resulted in Karen being severely burned. Respondent prepared and served a summons and complaint some three years after he was first retained by Burda and thereafter took no further action in the case. Charge I of the petition accordingly alleges that respondent violated DR 6-101 (A) (3) of the Code of Professional Responsibility by neglecting a matter entrusted to him.

Charge II alleges that respondent misrepresented facts (violating DR 1-102 [A] [3], [4], [6]) in his testimony at a preliminary hearing before petitioner when he recounted his version of the Burda case, alleging that he had been unable to proceed because of Burda's refusal to comply with respondent's request to bring his daughter in to prepare responses for a bill of particulars.

Charge III alleges a further violation of DR 6-101 (A) (3) in that respondent neglected a legal matter entrusted to him when, in October 1977, respondent was retained by Burda to represent him in a claim for property damage. Respondent took no action on the claim which was subsequently barred by the Statute of Limitations.

Charge IV alleges that respondent violated DR 6-102 (A) when he attempted to exonerate himself from and limit his liability to Burda by offering to deduct $600 from his fee for Karen Burda's personal injury action. This deduction was to repay Burda for having allowed the Statute of Limitations to run on Burda's claim for property damage.

Charge V alleges that respondent violated DR 1-102 (A) (4), (5) by failing to file an attorney's registration statement and pay the registration fee, as required by Judiciary Law § 468-a, despite repeated letters from petitioner advising him to do so.

Charge VI alleges numerous violations of DR 1-102 (A) (5), (6) arising out of respondent's failure to respond to petitioner's repeated communications regarding his obligation to register

as an attorney and his failure to cooperate with petitioner in its investigation of the above matters.

The Referee sustained all but one of the charges, disallowing charge II on the ground that its allegations were vague and indefinite. He also disallowed one specification of charge VI for lack of evidence. We agree with these conclusions. As to those charges which were sustained, the Referee's findings against respondent were fully supported by the record and the Referee's report is accordingly confirmed in all respects.

Respondent's neglect of his clients and of his obligations as an attorney are disturbing. We note that this is not the first time that respondent has been found guilty of such misconduct. In 1984 petitioner issued respondent a letter of admonition for neglect of an estate and failure to cooperate in the investigation of the complaint. It appears that although several letters were sent to respondent by petitioner regarding the estate, no response was received. Accordingly, it was necessary for petitioner to obtain an order of this court compelling respondent to appear and be examined with respect to the estate matter. In addition, in February of this year, respondent was issued another letter of admonition by petitioner for neglect of a Family Court matter and for again failing to cooperate with petitioner in its investigation of the complaint. The latter misconduct necessitated petitioner's obtaining a subpoena from this court to require respondent's testimony after repeated requests for information went unanswered.

With regard to the instant proceeding, respondent's conduct continues to demonstrate an apparent cavalier attitude toward petitioner and the disciplinary process of this court. Once again, respondent's presence at a preliminary hearing on the Burda matter was obtained in January 1987 only after petitioner obtained an order from this court. He subsequently failed to appear at the commencement of the hearing on the petition before the Referee in July 1987, later stating that he had "no recollection" of having received a hearing notice which was sent to him two weeks earlier. Although the Referee granted an adjournment of the hearing upon respondent's representation that he needed time to obtain counsel, respondent appeared at the rescheduled hearing in September 1987 without counsel. Finally, respondent filed no response whatsoever to petitioner's instant motion directed to the Referee's report and nothing was heard from him until two days before the scheduled argument when an attorney, who

was apparently just retained, contacted the clerk's office requesting an adjournment on respondent's behalf.

Even when counsel appeared for respondent at the argument, he was unable to explain the reasons for respondent's behavior, thus leaving to speculation any possible mitigating factors which would bear on the disposition of this proceeding. Under the circumstances, we decline counsel's request to defer determination of the matter in order to afford him time to explore possible defenses.

Respondent's proven misconduct with respect to client affairs, considered together with his persistent lack of cooperation and inattention to this disciplinary proceeding, as detailed above, cast considerable doubt on his current fitness to practice his profession. In this regard, we note that, in addition to his private practice, respondent currently serves as Public Defender of Cortland County, a position requiring the utmost attention and diligence in protecting the rights of indigents charged with crimes.

In view of the foregoing, we are constrained to conclude that respondent's suspension from practice is necessitated.

Respondent suspended for a period of one year and until further order of this court, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.