(July 19, 1988)

■ In the Matter of PHILIP W. SCHUNK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Petitioner Committee on Professional Standards moves for an order returning a disciplinary proceeding against respondent to this court's calendar for the imposition of appropriate discipline. Respondent has failed to respond to the motion.

By decision dated September 24, 1986, we granted the Committee's motion for a default judgment in a disciplinary proceeding against respondent and suspended him from the practice of law for a period of six months, effective November 3, 1986 (Matter of Schunk, 123 AD2d 480).

Prior to commencement of his suspension, respondent moved to open his default and for an order permitting him to be heard in mitigation. Essentially, respondent contended that his professional misconduct and failure to appear in the disciplinary proceeding were largely attributable to alcoholism.

Respondent's suspension was stayed and he appeared and was heard in mitigation; as directed, respondent submitted a written plan for supervision and monitoring of his practice by the New York State Bar Association's Committee on Lawyer Alcoholism.

By decision dated January 6, 1987, this court vacated the order suspending respondent from practice and, instead, censured him for his misconduct (Matter of Schunk, 126 AD2d 772). In addition, we stated: "It is further directed that respondent's practice be supervised for a period of 18 months in accordance with the plan proposed by the New York State Bar Association's Committee on Lawyer Alcoholism. In the event respondent violates any of the provisions of the plan or commits any new act of misconduct during the supervision period, petitioner shall immediately apply for an order returning the proceeding to the court's calendar for the imposition of appropriate discipline" (supra, at 774).

In support of the instant motion, the Committee alleges that

respondent has both violated the provisions of the plan of supervision and committed new acts of misconduct.

With respect to the alleged violation of the plan of supervision, the Committee submits a May 20, 1988 letter from the attorney appointed to monitor respondent's practice and compliance with the plan of supervision. This letter states that respondent has apparently failed to regularly attend Alcoholics Anonymous meetings and has failed to return the monitor's telephone calls.

With respect to the alleged new acts of misconduct, the Committee submits a March 29, 1988 letter from the Ulster County Surrogate reporting that respondent failed to file an accounting in an estate matter as ordered by the Surrogate, despite extensions of time granted by the Surrogate, the imposition of a $1,000 fine (which respondent has apparently failed to pay), and the Surrogate's warning that, in the absence of a final accounting, the matter would be reported to the Committee. The Committee also cites respondent's recent failure to answer an inquiry alleging that he neglected a real estate transaction and involved himself in a conflict of interest.

In view of the Committee's submissions indicating respondent has committed new acts of professional misconduct and has violated the provisions of the plan of supervision of the New York State Bar Association's Committee on Lawyer Alcoholism, and considering respondent's failure to make any response to such submissions or this motion, we grant the Committee's application for an order returning the disciplinary proceeding to the court's calendar for the imposition of appropriate discipline. Further, in accordance with the tenor of our previous decisions in this matter, and to protect the public, we conclude that the six-month suspension originally imposed on respondent (123 AD2d 480, *supra)* should be reinstated. In addition, the Committee should inquire as to the current status of respondent's practice and determine whether an application should be made for the appointment of an attorney to inventory his files and take appropriate action to protect the interests of his clients, pursuant to section 806.11 of this court's rules (22 NYCRR).

Finally, we note that our imposition of a six-month suspension is without prejudice to the Committee bringing additional charges against respondent based on the new acts of professional misconduct described in the instant motion.

Motion granted and respondent suspended from the practice of law for six months, effective immediately, and until further

order of the court. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.