(March 29, 1989)

■ In the Matter of PHILIP W. SCHUNK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to the Bar by the Appellate Division, Fourth Department, in 1957 and most recently maintained an office for the practice of law in New Paltz, Ulster County.

In this disciplinary proceeding, petitioner, the Committee on Professional Standards, charges respondent with neglect of certain trust and estate matters, failure to follow the direc-

tives of the Ulster County Surrogate, failure to advise a client of a potential conflict of interest, and failure to cooperate with petitioner during its investigation of the charges. Respondent's answer to the petition largely admitted the facts underlying each of the charges against him. Petitioner moved for an order pursuant to section 806.5 of this court's rules (22 NYCRR 806.5) declaring that no factual issues were presented and fixing a time at which respondent could be heard in mitigation or otherwise. By decision dated February 10, 1989, this court granted petitioner's motion. Respondent subsequently appeared before the court and was heard on the issue of mitigation.

Addressing briefly the present charges against respondent, we note that charges I and II arise from respondent's role as attorney for a trust and an estate. Charge I states that respondent failed to take certain required actions, ranging from the filing of tax returns to the depositing of trust and estate funds into interest-bearing accounts, so as to protect the interests of the trust and estate. According to charge II, respondent repeatedly failed to comply with the directives of the Ulster County Surrogate which were intended to put the affairs of the estate and trust in order. Charge III states that respondent was retained by a client who was in the process of purchasing real estate. Respondent failed to advise the client that the listing and selling broker in the transaction was a real estate agency of which respondent's wife was the owner. Finally, charge IV states that respondent failed to cooperate with petitioner in its investigations pursuant to inquiries made by the Ulster County Surrogate and the client involved in the real estate transaction outlined under charge III.

In mitigation of his misconduct, respondent states that, from 1970 through October 1986, he consumed alcohol to a degree that adversely affected his ability to function as an attorney. He alleges that he has consumed no alcohol whatsoever since October 1986. In addition, respondent submits that, from July 1987 through July 1988, his ability to function as a sole practitioner was affected by the illness and subsequent death of his mother-in-law. While we take these mitigating circumstances into consideration, we likewise consider respondent's disciplinary history. Respondent was first brought before this court in 1986, at which time he defaulted in a disciplinary proceeding and was suspended for a period of six months (*Matter of Schunk,* 123 AD2d 480). Before such suspension commenced, respondent, blaming alcoholism as the cause of his problems, moved to open his default. In January

1987, this court vacated its order of suspension and, instead, censured respondent for his misconduct and directed that his law practice be supervised for 18 months in accordance with a plan proposed by the State Bar Association's Committee on Lawyer Alcoholism *(Matter of Schunk,* 126 AD2d 772). After respondent allegedly violated the terms of the plan of supervision and committed new acts of misconduct, petitioner moved to return the disciplinary proceeding to this court's calendar so that appropriate discipline could be imposed. This court granted petitioner's motion, which respondent had failed to answer, and suspended him for six months *(Matter of Schunk,* 142 AD2d 840). We note, finally, that respondent's disciplinary record described hereinabove is in addition to his having been previously cautioned or admonished by petitioner on three separate occasions.

In our view, the treatment respondent has received from both petitioner and this court clearly demonstrates that he has been given every benefit of the doubt and ample opportunity to prove himself deserving of the leniency heretofore extended in this disciplinary matter. Such proof, however, has not been forthcoming. After this court vacated its suspension order and censured respondent *(Matter of Schunk,* 126 AD2d 772, *supra),* thereby giving him an opportunity to redeem himself, respondent not only violated the terms of the plan of supervision, to which he had agreed, but also committed new acts of misconduct. Among these new acts of misconduct, we take a particularly serious view of respondent's repeated noncompliance with the directives of the Ulster County Surrogate which frustrated the court's attempts to resolve a trust and estate matter which had been pending for years. After considering respondent's apparent disinterest in availing himself of the opportunities previously extended by this court and by petitioner, we conclude that the ends of justice, as well as the public at large, will be best served by imposition upon respondent of a suspension for a period of three years.

Respondent suspended for a period of three years, effective January 19, 1989, and until further order of the court. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.