■ In the Matter of JAMES J. WOODS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was suspended from practice for one year, effective August 31, 1988, as a result of misconduct generally involving neglect of client matters and failure to cooperate with petitioner *(Matter of Woods,* 141 AD2d 967).

In November 1988, respondent moved for reconsideration of the suspension on the ground his misconduct was not substantial and was, in fact, caused by his alcoholism. In support of his application, respondent submitted proof that, subsequent to his suspension, he had successfully completed an in-patient alcoholism rehabilitation program and was currently participating in a 15-week aftercare program which included weekly therapy sessions and active involvement in Alcoholics Anonymous.

Respondent's application was denied as premature in view of the fact that he had just recently completed the in-patient program and was still involved in the 15-week aftercare program. It was indicated, however, that the denial was without prejudice to renewal of the application upon a showing that respondent had successfully completed his present

rehabilitation program, that he had maintained his sobriety, and that he was physically and mentally fit to resume the practice of law.

By the instant motion, respondent renews his request for reconsideration of the suspension. Respondent states that he has now completed the 15-week aftercare program, that he is actively participating in Alcoholics Anonymous, and that he has maintained his sobriety since entering into the rehabilitation program in September of last year. Various letters are submitted by alcoholism counselors attesting to respondent's success and progress in the programs in which he has participated. In addition, a doctor's report is provided indicating that respondent's alcoholism "has not resulted in any physical or mental impairment that would preclude him from practicing as an attorney". Finally, respondent notes that the New York State Bar Association's Committee on Lawyer Alcoholism has agreed to monitor his practice in the event his request for relief from the order of suspension is granted.

It would appear from the submissions made by respondent upon this motion that he has now satisfied the conditions set forth in our previous decision, namely, that he successfully complete his rehabilitation program, that he maintain his sobriety and that he demonstrate physical and mental fitness to resume the practice of law. Respondent has apparently made substantial efforts to address and overcome his alcoholism, has completed both in-patient and out-patient treatment programs and is currently an active member in the local AA chapter. We also observe that most of the misconduct which resulted in respondent's suspension occurred several years ago and did not involve moral turpitude or misappropriation of funds. Finally, we note that respondent has already served nine months of his one-year suspension and that petitioner does not offer opposition to the termination of his suspension.

Under all of the circumstances presented, we conclude that respondent's suspension should now be terminated and that he should be reinstated as an attorney with his practice monitored for a period of one year by the New York State Bar Association's Committee on Lawyer Alcoholism (see, *Matter of Schunk*, 126 AD2d 772).

Motion by respondent granted, suspension imposed by this court's order dated June 27, 1988 terminated, and respondent reinstated as an attorney and counselor-at-law, effective immediately, with his practice to be monitored for a period of one year by the New York State Bar Association's Committee on

Lawyer Alcoholism. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.