(September 19, 1990)

■ In the Matter of KEVIN A. CONINE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to the Bar by this court in 1983 and currently maintains an office for practice of law in Delhi, Delaware County. Petitioner commenced this disciplinary proceeding against respondent charging him with various acts of professional misconduct, among them neglect of two legal matters entrusted to him, failure to respond to inquiries made by either his adversary or his own client in these legal matters, making an inaccurate statement to Supreme Court in one of the legal matters, and failure to cooperate with petitioner in its investigation of inquiries filed against him. Petitioner now moves for a default judgment against respondent on the ground that he has failed to file an answer to the petition which was personally served upon him (see, 22 NYCRR 806.5). Respondent has likewise failed to respond to the motion for a default judgment.

Three of the misconduct charges against respondent arise from his representation of Kenneth Ferris, a defendant in a divorce action. It is alleged that respondent failed to oppose a motion made by the plaintiff in the divorce action seeking exclusive possession of the marital residence, failed to serve an amended answer to the complaint in such action despite his representations to Supreme Court that he had already done so, failed to notify his client of the date and time for which trial of the matter had been scheduled, failed to cooperate in accomplishing the appraisal of various marital assets, failed to respond to numerous telephone calls from the attorney for the plaintiff, and made a misleading statement in an affidavit submitted to the court. Two other misconduct charges stem from respondent's representation of Walter Heinrich, for whom he failed to perfect an appeal to this court from an adverse order of Delaware County Family Court. In addition to neglecting his client's appeal, it is also alleged that respondent failed to reply to repeated telephone calls from and on behalf of Heinrich inquiring as to the status of the appeal. The sixth and final charge alleges that respondent failed to cooperate with petitioner in regard to four separate demands for information directed to him.

In support of the summary judgment motion, petitioner has submitted, *inter alia,* copies of various documents and respondent's examination under oath, all of which amply support the

charges against him. We note that respondent's failure to answer the petition or appear in opposition to this motion is tantamount to an admission of the charges *(see, Matter of Kove,* 108 AD2d 986, *lv denied* 64 NY2d 610; *Matter of Duffy,* 99 AD2d 556).* Accordingly, petitioner's motion for a default judgment should be granted.

Turning to the appropriate penalty to be imposed, we note first that the charges of neglect and failure of cooperation set forth in the petition are serious. Secondly, respondent has previously been cautioned and admonished by petitioner in the recent past for similar instances of client neglect and failure of cooperation. Finally, we also take into consideration respondent's failure to answer or respond in any fashion to the instant proceeding and motion. Under all of the circumstances, we conclude that respondent should be suspended from the practice of law for a period of one year.

Motion for default judgment granted, and respondent suspended for a period of one year, the date of commencement to be fixed in the order to be entered hereon. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.