■ In the Matter of KEVIN A. CONINE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS OF THIRD JUDICIAL DEPARTMENT, Petitioner—Per Curiam. By decision dated September 19, 1990 (Matter of Conine, 165 AD2d 929), this court granted a motion by petitioner, the Committee on Professional Standards, for a default judgment in this attorney disciplinary matter and suspended respondent from the practice of law for a period of one year.

Prior to the commencement of his suspension on October 19, 1990, respondent moved to set aside his default and for an order permitting him to be heard in mitigation. Upon the consent of petitioner, respondent's suspension was stayed and he was permitted to appear and be heard in mitigation.

In our initial decision in this matter, we noted the following factors as relevant to the imposition of a one-year suspension: that the charges of neglect and failure of cooperation with petitioner set forth in the petition were serious; that respondent had previously been cautioned and admonished by petitioner in the recent past for similar instances of client neglect and failure of cooperation; and that respondent had failed to answer or respond in any fashion to the petition or the motion for a default judgment.

In mitigation of his misconduct, respondent now cites, among other things, his present status as a recovering alcoholic. In addition, numerous affidavits are presented attesting to his good reputation in the community and among his peers,

a reputation enhanced by his extensive *pro bono* activities throughout the Sixth Judicial District. While the record before us contains some conflicting evidence as to whether respondent is successfully confronting and dealing with his alcoholism, it does appear that he has, of late, taken important steps toward that goal. It also appears that his condition, typically characterized by a reluctance to deal with personal problems, contributed in part to his professional misconduct and especially his default in this proceeding. Nevertheless, such personal problems can only mitigate, not excuse, attorney misconduct *(see, Matter of Schunk,* 126 AD2d 772).

In view of the above mitigating circumstances, but mindful of the admonition expressed in *Matter of Schunk (supra,* at 774), with regard to protection of the public interest, we conclude that the order of suspension entered September 19, 1990 should be vacated and that respondent should be suspended for a period of six months rather than one year. We would also observe that, upon an application for reinstatement by respondent, he should demonstrate that he has taken appropriate and effective steps to maintain his sobriety and to prevent a recurrence of the kinds of professional misconduct which have led to his suspension from the practice of law. In this regard, we note with approval respondent's stated willingness to enter into and complete a formal out-patient rehabilitation program which includes regular attendance at meetings of Alcoholics Anonymous.

Order of suspension dated September 19, 1990 vacated and respondent suspended from the practice of law for a period of six months and until further order of this court, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.