(May 3, 1991)

■ In the Matter of G. THOMAS REA, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this court in 1954 and maintains an office for the practice of law in the Village of Saugerties, Ulster County.

Petitioner, the Committee on Professional Standards, by petition dated January 23, 1991, charges respondent with neglect of a client's legal matters and misleading the client as to the status of those matters. Respondent has admitted the charges and specifications.

Charge I, in two specifications, accuses respondent of neglecting two legal matters on behalf of his client, Salvatore A. Mauro, Jr., in violation of Code of Professional Responsibility DR 6-101 (A) (3). Specification 1 states that respondent was retained in 1984 by Mauro to commence a CPLR article 78 proceeding against the Town Board of the Town of Saugerties. The proceeding was dismissed that same year. Respondent agreed to pursue an appeal and filed a notice of appeal dated December 21, 1984, but he failed to perfect the appeal. Specification 2 states that, in or about November 1989, respondent was retained by Mauro to represent his interest in connection with a union election. Respondent failed to take appropriate action on Mauro's behalf. Charge II accuses respondent of misleading and deceiving Mauro with respect to the status of the legal matters specified in Charge I, in violation of Code of

Professional Responsibility DR 1-102 (A) (4) and (5). Specifically, respondent incorrectly led Mauro to believe this court had considered an appeal from the CPLR article 78 proceeding and respondent untruthfully told Mauro that he had instituted an action with respect to the union election matter. In view of respondent's admissions, we find him guilty of professional misconduct as charged and specified.

In mitigation of his misconduct, respondent cites his alcoholism as a causative factor and details his recent efforts to come to grips with the disease, including regular attendance at Alcoholics Anonymous meetings and his investigation of and willingness to participate in the Lawyer Assistance Program sponsored by the New York State Bar Association. He has also submitted several favorable character affidavits.

On the other hand, petitioner cites respondent's unfavorable prior disciplinary record. According to petitioner, in 1974 respondent was admonished for a lengthy neglect of a client's case and for loaning funds to a client. In 1978, respondent was again admonished, this time for continuing to represent clients when his mental and physical condition, adversely affected by alcoholism, rendered it unreasonably difficult for him to carry out employment effectively. As the basis for the second admonition, petitioner determined that respondent had neglected three clients' cases, had misled and deceived clients, and had failed to respond to inquiries from a client and another attorney. In June 1982, this court suspended respondent from the practice of law for a period of six months following a disciplinary proceeding in which four charges of neglect and two charges of deceiving clients were sustained. We found respondent's misconduct mitigated by his alcoholism during the relevant time period and by his apparent successful efforts to bring his alcoholism under control (see, Matter of Rea, 88 AD2d 691). Respondent was reinstated to practice effective April 28, 1983 (Matter of Rea, 93 AD2d 972). Most recently, in April 1990, respondent was issued a letter of caution by petitioner for neglect of a client's case, failing to take appropriate steps to protect his client's interest upon withdrawal, and attempting to mislead petitioner in its investigation.

In determining an appropriate disciplinary sanction for respondent's instant misconduct, and especially viewing the misconduct in the context of the disciplinary record recited above, we find that the specified instances of neglect and deception constitute only the latest episodes in a 17-year span of respondent's career plagued by similar misconduct and

alcoholism with, thus far, only ineffective attempts to overcome the latter. We also reiterate our previous observations that personal problems such as alcoholism can only serve to mitigate, not excuse, professional misconduct, and that this court will not hesitate to suspend an attorney, including one afflicted with the disease of alcoholism, where we find such discipline necessary in order to protect the public interest *(see, Matter of Schunk,* 126 AD2d 772).

In view of the above, we determine that respondent should be suspended from the practice of law for a period of one year. We would also observe, as we did in *Matter of Conine* (167 AD2d 657), that upon an application for reinstatement by respondent, he should demonstrate that he has taken appropriate and effective steps to maintain his sobriety and to prevent a recurrence of the kinds of professional misconduct for which he has been and is being disciplined. In this regard, we note, with approval, his attendance at Alcoholics Anonymous meetings and his stated willingness to participate in the Lawyer Assistance Program sponsored by the New York State Bar Association.

Respondent suspended from the practice of law for a period of one year and until further order of this court, the date of commencement to be fixed in the order to be entered hereon. Casey, J. P., Weiss, Mikoll, Levine and Crew III, JJ., concur.