In the Matter of JAMES J. McENROE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 7, 1992

**APPEARANCES OF COUNSEL**

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Vincent M. McConnell* of counsel *(McConnell Gurtu & Feiner, P. C.,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, James J. McEnroe, was admitted to the prac-

tice of law in New York by the First Judicial Department on November 21, 1971. At all times relevant herein respondent maintained an office for the practice of law within the First Judicial Department.

In September 1990, respondent was served with a notice and statement of charges of professional misconduct in connection with his representation of 14 clients in various legal matters. The charges of misconduct all involved neglect of his clients' legal matters, failure to maintain contact with his clients and failure to promptly refund unearned advance fees upon effectively withdrawing from employment.

In mitigation, respondent has shown that he was debilitated by alcoholism during the period covered by the charge and that he was also suffering from a condition known as syncopia, which caused unexpected periods of loss of consciousness. He has also satisfactorily demonstrated that his alcoholism was the predicate for his misconduct.

The Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's report and recommends the sanction of a three-year suspension nunc pro tunc to January 1, 1988.

A review of the record indicates that respondent is undisputedly guilty of the professional misconduct charged. The only issue remaining is the propriety of the sanction imposed. We find that, in view of the serious nature of the charges, a period of suspension is clearly warranted. The aggravating factors include one instance in which respondent's client was irreparably harmed and the fact that respondent made no attempt to refund the unearned portion of fees until after disciplinary proceedings were commenced. However, in mitigation, respondent has demonstrated that the misconduct took place during approximately one year and appears to have been aberrational, as respondent had no prior disciplinary record up to that time. In addition, respondent established the requisite causal connection between his alcoholism and the misconduct (see, Matter of Corbett, 87 AD2d 140), his voluntarily cessation of the practice of law in 1987, strong evidence of his subsequent rehabilitation, and that he has, at this point, fully refunded all unearned fees. In consideration of all of these factors we find that the recommended suspension is an appropriate sanction.

Reinstatement will be automatic upon submission and approval of evidence satisfactorily attesting to respondent's con-

tinued rehabilitation and abstinence from the use of alcohol as well as a proposal for appropriate supervision by a group or committee, such as the Committee on Lawyer Alcoholism of the New York State Bar Association or the Special Committee on Alcohol and Drug Abuse of the Association of the Bar of the City of New York. *(See, Matter of Samuels,* 127 AD2d 85.)

MILONAS, J. P., ROSENBERGER, ELLERIN, KASSAL and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years, nunc pro tunc to January 1, 1988 and until submission and approval of evidence satisfactorily attesting to respondent's continued rehabilitation, as indicated in the order of this court.