(April 3, 1992)

■ In the Matter of KEVIN A. CONINE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to the Bar in this Department in 1983 and formerly maintained an office for the practice of law in Delhi, Delaware County. In November 1990 this court suspended him for a period of six months and until further order of the court *(Matter of Conine,* 167 AD2d 657). Respondent did not apply for reinstatement following expiration of this period of suspension.

Petitioner commenced this disciplinary proceeding against respondent in October 1991 by petition containing three charges of misconduct. Thereafter, petitioner moved, pursuant to section 806.5 of the court's rules (22 NYCRR 806.5), for an order declaring that no factual issues were presented and fixing a time at which respondent could be heard in mitigation or otherwise. Petitioner also moved for an order, pursuant to Judiciary Law § 90 (6-a), requiring respondent to make monetary restitution for willful misappropriation or misapplication of funds. By decision dated January 3, 1992, this court granted so much of petitioner's motion as sought an order declaring that no factual issues had been raised by the pleadings but deferred decision on that portion of the motion which sought an order of restitution until entry of a final order of discipline. Respondent appeared before the court by counsel and was heard on the issue of mitigation.

The facts underlying this proceeding are undisputed and stem from respondent's involvement in three separate legal matters. The first specification of Charge I alleges that respondent represented one D. Joseph Puma in the sale of real property to Thomas Connelly, who gave a $50,000 down payment to respondent for deposit into an interest-bearing account. While respondent opened an escrow account and deposited such funds therein in June 1989, he subsequently withdrew $36,000 from the account without the knowledge or

consent of either party to the real estate transaction and utilized such funds for his own purposes.

The second specification of Charge I alleges that, in May 1989, respondent was appointed Referee in a foreclosure action. In October 1989, he sold the mortgaged premises to one Wolyniec for the sum of $54,500 and received an $8,000 cash deposit from Wolyniec. Respondent converted such funds and utilized them for his own purposes. The third specification of Charge I alleges that, in connection with the sale to Wolyniec, respondent received $48,359.77 from the purchaser and deposited such funds into his attorney trust account. Thereafter, respondent issued checks for fees totaling $272 and made payment of $45,992.37 to Bruce J. McKeegan, Esq., as successor trustee. Respondent converted and utilized the balance of $2,095.40 for his own purposes. The sole specification of Charge II alleges that, with respect to the $8,000 cash deposit received from Wolyniec, respondent did not place such amount into an identifiable bank account but, rather, placed it in a desk drawer. As specified in Charge I, respondent later converted such funds to his own use.

The sole specification of Charge III alleges that respondent was retained in September 1989 to pursue a medical malpractice claim on behalf of one Adolph Schrull. Respondent requested and received $245 for filing fees in September 1990 but thereafter failed to commence an action on Schrull's behalf. Such action is now time barred.

In mitigation, respondent acknowledges the seriousness of his misconduct and states that the misappropriation of funds by him was the result of a "serious and very active addiction to cocaine", and that his neglect of the Schrull matter happened during "the last stages of [his] active addiction", just prior to his entry into a rehabilitation program. Respondent also points to his good reputation as an attorney and his commendable *pro bono* activities in the Sixth Judicial District.

Although respondent's personal problems may be considered in mitigation, they cannot serve to excuse the substantial misconduct involved here *(see, Matter of Conine, supra,* at 658)*. To respondent's credit, it appears that he has made great strides in overcoming his drug addiction by attending and successfully completing various rehabilitative programs both on an in-patient and out-patient basis. However, the seriousness of the instant charges against respondent, particularly those charges concerning the conversion of clients' funds, mandates imposition of an additional period of suspension *(see,*

*Matter of Hardy,* 172 AD2d 866, 869; *Matter of Schunk,* 126 AD2d 772, 774). In view of the circumstances, and considering that respondent has been suspended since November 1990, we conclude that the ends of justice will be adequately served in this case by the imposition of an additional period of suspension of two years.

Finally, with respect to petitioner's application for an order, pursuant to Judiciary Law § 90 (6-a), requiring respondent to make monetary restitution on account of his willful misappropriation of funds, respondent does not oppose the granting of such relief. Accordingly, we grant such application and order respondent to make restitution in an amount equal to the amount alleged in the petition to have been willfully misappropriated by him.

Mikoll, J. P., Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Ordered, that Kevin A. Conine be and hereby is suspended from practice as an attorney and counselor at law in the State of New York for a period of two years, effective as of the date of this order, and until further order of this court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 (b) of this court's rules (22 NYCRR 806.12 [b]) governing the conduct of attorneys, and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered, that respondent is directed to make monetary restitution in the amount of $46,095.40 to the person or persons whose moneys he willfully misappropriated or misapplied and is directed to reimburse the Lawyers' Fund for Client Protection for any awards made to such person or persons; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.