In the Matter of GARFIELD P. RAYMOND, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [620 NYS2d 165] —Per Curiam. Respondent was admitted to practice by this Court in 1981. He maintains a law office in Warren County.

The Committee on Professional Standards, by petition dated February 28, 1994, charged respondent with nine counts of professional misconduct including neglect of client matters,

mishandling of his attorney trust account in violation of various provisions of the Code of Professional Responsibility, and failure to cooperate with petitioner. After a hearing, and by report dated July 15, 1994, the Referee sustained the charges in the petition, except for those portions of charges IV and VI which were withdrawn by petitioner and which alleged violations of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). Petitioner moves to confirm the report. Respondent does not oppose the motion but appeared and was heard by the court in mitigation. We grant petitioner's motion.

Respondent's handling of his trust account over the past few years has violated many of the disciplinary rules (especially DR 9-102 [22 NYCRR 1200.46]) designed to safeguard client funds. He has commingled personal and client funds, frequently allowed his trust account balance to fall below the amount which should have been maintained in the account on behalf of his clients, failed to maintain accurate trust account records, issued checks with insufficient funds in his trust account, and issued a check from his trust account payable to cash. He also failed to deposit qualified funds into an IOLA account. That respondent's violations have not resulted in any apparent harm to clients does not lessen their seriousness. The violations appear to have been the result of shoddy bookkeeping and a lack of due concern for Code requirements rather than any venal intent for personal gain. Respondent also failed to handle a client's real estate closing and divorce as promptly as he should have. In addition, respondent failed to respond to a request for information from petitioner, necessitating the issuance of a subpoena and respondent's subsequent examination by petitioner under oath. Respondent has been otherwise cooperative with petitioner, answering many inquiries in a timely fashion and largely admitting to the charges and specifications.

In mitigation, respondent offers the turmoil of his personal life over the past few years. He married and was shortly thereafter divorced. He has endured business reversals culminating in bankruptcy court and the loss of business and real property assets which he estimates were worth close to a million dollars by the end of the 1980s. Respondent also acknowledges that he is an alcoholic. Respondent's personal problems do not excuse his professional misconduct, however, and we conclude that he has indulged his personal and business interests at the expense of his obligations as an attorney. Respondent's misconduct is aggravated by a letter of caution

from petitioner in 1986 and an admonition by petitioner in 1992.

We conclude that, to protect the public, deter similar misconduct, and preserve the reputation of the Bar, respondent should be suspended from the practice of law for a period of one year. Upon any reinstatement application, respondent should demonstrate that he has taken appropriate and effective steps to maintain his sobriety and to prevent a recurrence of the kinds of professional misconduct for which he is being disciplined. *(See, e.g., Matter of Rea,* 173 AD2d 955.)

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that petitioner's motion is hereby granted, the Referee's report is hereby confirmed, and respondent is found guilty of the charges as specified in the petition, except for those portions of charges IV and VI which have been withdrawn by petitioner; and it is further ordered that respondent is hereby suspended from the practice of law for a period of one year, effective January 8, 1995, and until further order of this Court; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.