In the Matter of JAMES A. W. MCLEOD, Respondent. GRIEV-ANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 15, 1991

APPEARANCES OF COUNSEL

*John J. Phelan* for respondent.

*Vincent Scarsella* for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this court on February 24, 1975. Since his admission he has maintained an office in Buffalo, New York. On August 28, 1990 the Grievance Committee of the Eighth Judicial District filed a verified petition alleging acts of professional misconduct by respondent. Respondent's answer raised issues of fact

requiring the appointment of a Referee to take proof with regard to the charges and to report his findings to this court.

The majority of the charges in the petition allege that respondent failed to communicate with his clients and generally neglected his responsibilities to clients who had given him a retainer. The Referee found that respondent did fail to communicate with clients, neglected his responsibilities to them and misrepresented the status of his clients' actions.

The respondent is guilty of misconduct and has violated the trust placed in him by his clients. Respondent admits his misconduct and has recognized that his abuse of drugs and alcohol rendered him incapable of properly conducting his law practice.

Two Supreme Court Justices who observed respondent in their court interceded on his behalf to obtain counsel, advice and assistance to alleviate his substance addiction. Respondent admitted his addiction and sought hospitalization in an in-patient treatment program. Respondent has sought the advice and counsel of the New York State Bar Association Committee on Lawyer Alcoholism and Drug Abuse. On May 5, 1991 he executed an agreement to be bound by the Recovery and Monitoring Program for New York State Lawyers and is now subject to its supervision and monitoring.

We confirm the findings of the Referee. We note that no client suffered any loss. Other attorneys who substituted for respondent were able to conclude the matters to the satisfaction of the clients. It does appear that respondent's improper conduct resulted from his use of drugs and excessive use of alcohol. We are satisfied that the agreement with the New York State Bar Association's Committee on Alcoholism and Drug Abuse will permit respondent to continue practicing as an attorney and contributing member of the community. We note that he has discontinued his private practice and is now employed as an attorney in the public sector. We conclude, however, that respondent's conduct was unprofessional and he should be censured.

We further direct that respondent agree to be monitored and remain subject to the program of the New York State Bar Association for a period of 24 months. In the event that he should violate any of the provisions of the plan or commit any new act of misconduct during the supervision period, petitioner shall immediately apply for an order returning the proceeding to this court for imposition of appropriate disci-

pline *(see, Matter of Schunk,* 126 AD2d 772; *Matter of Corbett,* 87 AD2d 140).

BOOMER, J. P., PINE, BALIO, LAWTON and DAVIS, JJ., concur.

Order of censure entered.