[603 NYS2d 474]

In the Matter of ALAN J. HARRIS (Admitted as ALAN JAY HARRIS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 1993

## APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Alan J. Harris,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law in New York by the Second Judicial Department on June 25, 1980 under the name Alan Jay Harris. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.

On or about February 24, 1992, the Departmental Disciplinary Committee (DDC) served the respondent with a notice and statement of six charges. In his answer, he denied all allegations. Following a hearing on the charges, at which the respondent appeared *pro se,* the Hearing Panel sustained four of the charges.

The respondent had been retained to defend a costume jewelry company and its owners in a copyright infringement action in New Jersey. Pursuant to the February 1, 1985 retainer agreement, he was to be paid a flat fee of $22,650, excluding any appellate work, but including disbursements. The respondent moved to dismiss the owners from this lawsuit, purportedly in accordance with his clients' request. On May 13, 1985, the Judge presiding over the action denied the motion on the ground that it was frivolous and imposed sanctions against the respondent personally, in the sum of $2,195.

The respondent thereafter wrote to his clients advising them that costs in the amount of $2,195 had been assessed "against us". The company drew a check in the full amount of the sanction and the respondent delivered it to counsel for the plaintiff. This attorney notified the Judge of the respondent's failure to pay the costs personally. The respondent then issued his own check to pay the sanction and thereafter secured a second check from his clients in like amount made payable to him.

In his defense, the respondent alleged that his clients had insisted that he make the motion to dismiss and, then, that they would pay the sanction. Although, he contended, in his letter to them, he mistakenly informed them that the fine had been levied against "us", they understood that it had been assessed against him personally.

The Hearing Panel determined that the respondent's actions in this matter involved dishonesty, fraud, deceit and misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4).

The respondent was subsequently denied admission pro hac vice in the New Jersey action on July 24, 1985. Although the respondent was therefore precluded from proceeding further with his clients' case, he did not refund any portion of the amount received under the retainer agreement. The clients retained other counsel and filed suit against the respondent in November of 1985. He defaulted and a judgment was entered against him in the amount of $125,005.72. He then left New York without providing his clients with a means to contact him.

The Hearing Panel concluded that the respondent's actions constituted conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5).

Prior to the denial of admission pro hac vice in New Jersey, the respondent vacated his office in Manhattan. He did not notify his clients of the move, but had his mail forwarded to post office boxes. In 1985, the respondent told the owners of the costume jewelry company that he was in California but did not provide them with a phone number or address.

The DDC also attempted to locate the respondent in connection with the complaints filed against him. He appeared before the DDC in May of 1986 after a request for his appearance was made through his parents. He did not provide an address and thereafter failed to respond to letters sent by the DDC to his parents' address, despite his awareness of pending investigations. He was finally located in California in 1990.

The respondent stated that his wife had left him and moved to California. He thereafter temporarily reconciled with her. At times, he lived with her, at a hotel, at his mother-in-law's house, in two States, and in a foreign country, while working as a groom for horses. He also claimed that part of the time between 1985 and 1990 he was homeless. He contended that when he finally received a letter from the DDC, he contacted them immediately and answered the complaint.

The Hearing Panel concluded that the respondent's failure to make his whereabouts known to the DDC was a failure to cooperate in the investigation of disciplinary complaints against him and constituted conduct which adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6).

The respondent also failed to register as an attorney with the Office of Court Administration (OCA) between the years 1984 and 1992. In June of 1992, he registered and paid all fees owing. The address he provided OCA was a mail service

because, since June of 1992, he has resided at 11 temporary addresses. He has failed, however, to inform OCA of these addresses.

The Hearing Panel concluded that the respondent's failure to maintain a current, accurate registration with OCA constituted conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (6).

In mitigation, the respondent alleged that he moved to California in an attempt to reconcile with his wife. He also contended that he was presently unemployed and without funds. He is not admitted to practice law in California and does not intend to seek admission in the future.

Staff counsel noted that, on March 12, 1987, the respondent received an admonition for neglecting legal matters, accepting a retainer, but not completing the work, and for not properly withdrawing from a case.

By petition dated July 1, 1993, the DDC seeks an order confirming the Hearing Panel's report and imposing the sanction of disbarment. The respondent seeks denial of the petition. He reiterates that his clients knew that he had been sanctioned by the Court personally but wanted to pay the sanction, that he did not satisfy the default judgment because he was insolvent and that he fully cooperated with the DDC after he was no longer homeless. He also registered with OCA, paid all fees owing, and provided that agency with the most effective address for mail to reach him. The respondent contends that he did not receive a fair hearing by the Panel. He also maintains that he was a hard-working attorney until his wife left him.

The evidence presented to the Hearing Panel supports the Panel's findings and conclusion that the respondent is guilty of professional misconduct. Moreover, the respondent received a fair hearing. We find that the nature of the respondent's misconduct, coupled with the factors submitted in mitigation, warrants a three-year suspension (see, Matter of Javitz, 88 AD2d 303).

Accordingly, the petition of the DDC to confirm the Hearing Panel's report is granted to the extent of confirming the Panel's findings of fact and conclusions with respect to the charges. The Panel's recommended sanction of disbarment is disaffirmed and the respondent is suspended from the practice of law for a period of three years.

SULLIVAN, J. P., ROSENBERGER, ROSS, ASCH and RUBIN, JJ., concur.

Petition granted to the extent of confirming the Panel's findings of fact and conclusions with respect to the charges, the Panel's recommended sanction of disbarment is disaffirmed, and the respondent is suspended from the practice of law for a period of three years, effective December 16, 1993, and until the further order of this Court.