[—— NYS2d ——]

In the Matter of JOHN D. BRIDGE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 4, 1994

**APPEARANCES OF COUNSEL**

*Roderick Quebral,* Buffalo, for petitioner.

*Kevin W. Spitler,* Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent attorney was admitted to practice by this Court on April 5, 1965 and maintains an office for the practice of law in Buffalo, New York. Petitioner Grievance Committee

has charged respondent with professional misconduct in the representation of two clients and with the failure to register as an attorney and to pay the biennial attorney registration fee as required by Judiciary Law § 468-a. A Referee, appointed by this Court, has submitted a report of his factual findings. Petitioner now seeks to confirm that report.

Respondent admitted that he has never registered as an attorney or paid the biennial registration fee and that he is presently in default in the payment of that fee in the sum of $900. Respondent's failure to comply with the registration requirements constitutes professional misconduct and warrants imposition of a sanction (see, Judiciary Law § 468-a [5]; 22 NYCRR 118.1 [h]; *Matter of Relyea*, 175 AD2d 949).

In representing a client on a criminal appeal, respondent failed to take the necessary steps to obtain the trial transcript in a timely fashion and misrepresented to this Court on two successive applications for a stay of execution of the sentence that he had ordered the trial transcript and that the transcript was being prepared. The Referee found that no written order for preparation of the transcript had been received by the court reporter and that the reporter had not started to prepare the transcript. Respondent admitted that, in representing another client, he failed to appear in Family Court on the scheduled date for a hearing but asserted that he failed to appear because he inadvertently noted that appearance on the wrong date in his diary. Respondent then refused that client's demand for a refund of the entire retainer fee of $2,000 paid in advance, contending that he had earned the fee. Thereafter, the client obtained a judgment in Tonawanda City Court for a portion of the fee, which judgment remains unsatisfied.

We confirm the factual findings made by the Referee and conclude that, with respect to the criminal appeal, respondent neglected a legal matter entrusted to him in violation of DR 6-101 (A) (3) of the Code of Professional Responsibility (22 NYCRR 1200.30 [a] [3]) and engaged in conduct involving misrepresentation and conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]). We further conclude that respondent failed to refund promptly the unearned portion of a retainer fee in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3]).

In reaching our determination concerning the appropriate sanction for such misconduct, we have considered the mitigat-

ing circumstances asserted by respondent. We additionally note, however, that petitioner has issued letters of admonition on two occasions concerning respondent's handling of client matters, including respondent's failure to refund promptly unearned fees owing to clients. Moreover, petitioner has issued a letter of caution to respondent arising from his failure on one occasion to cooperate with the Committee's investigation on a prior unrelated matter. Under the circumstances, we conclude that respondent should be suspended for a period of six months and until further order of this Court on condition that, before applying for reinstatement, respondent submit proof that the City Court judgment has been satisfied and that he has complied with the attorney registration requirements.

PINE, J. P., BALIO, LAWTON, DAVIS and BOEHM, JJ., concur.

Order of suspension entered.