[617 NYS2d 255]

In the Matter of ALBAN J. REICHERT, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 30, 1994

### APPEARANCES OF COUNSEL

*Daniel A. Drake,* Rochester, for petitioner.

*Dean J. Fero,* Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by the Appellate Division, Second Department, on February 5, 1960, and maintains an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with neglect-

ing legal matters entrusted to him and with failing to comply with the attorney registration requirements found in Judiciary Law § 468-a. Respondent submitted an answer denying material allegations in the petition and setting forth matters in mitigation. A Referee was appointed to conduct a hearing on the issues of fact raised by the pleadings. Both petitioner and respondent move to confirm in part and to disaffirm in part the report submitted by the Referee.

The Referee found that respondent was retained by a client to represent him in two matters but failed to file an answer in either matter, resulting in the entries of default judgments. In each matter, the client retained another attorney who attempted to contact respondent, but respondent failed to reply to the new attorney's inquiries. Additionally, respondent charged the client an additional fee to move to vacate one default judgment but failed to do so, and an income execution order was entered. Respondent reimbursed the client by making monthly payments to him and refunded his fee.

The Referee also found that respondent admitted that he failed to file a biennial attorney registration statement and to pay the required fee but that no ethical violation was involved.

We confirm the findings of fact contained in the report of the Referee. The Referee's comment, sought to be disaffirmed by petitioner, that the failure to file a biennial attorney registration fee does not constitute an ethical violation, is a legal conclusion that we deem advisory (see, Matter of Hahn, 195 AD2d 105, 106). We conclude, however, that, by failing to comply with the attorney registration requirements, respondent has engaged in professional misconduct (see, Matter of Bridge, 196 AD2d 43) and has violated Code of Professional Responsibility DR 1-101 (A) (7) (22 NYCRR 1200.3 [a] [7]) by engaging in conduct that adversely reflects on his fitness to practice law (see, Matter of Harris, 193 AD2d 317, 320). Additionally, we conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—by neglecting a legal matter entrusted to him; and

DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3])—by prejudicing or damaging a client during the course of a professional relationship.

In mitigation, respondent states that he is a recovering

alcoholic and is undergoing treatment for the disease. Accordingly, we conclude that respondent should be censured on the condition that respondent agree to be monitored and remain subject to the program of the New York State Bar Association's Committee of Alcoholism and Drug Abuse for a period of 24 months. In the event that respondent should violate any of the provisions of the plan or commit any new act of misconduct during the supervision period, petitioner shall immediately apply for an order returning the proceeding to this Court for imposition of appropriate discipline *(see, Matter of Holm,* 176 AD2d 48; *Matter of McLeod,* 172 AD2d 131).

DENMAN, P. J., GREEN, BALIO, LAWTON and CALLAHAN, JJ., concur.

Order of censure entered.