[621 NYS2d 994]

In the Matter of JAMES H. HUYCK, III, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 23, 1994

### APPEARANCES OF COUNSEL

*Paul J. Ginnelly,* Syracuse, for petitioner.

*James H. Huyck, III,* Mohawk, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by the Appellate Divi-

sion, Third Department, on February 20, 1973 and maintains an office for the practice of law in the Village of Herkimer. Petitioner charged respondent with neglecting legal matters entrusted to him and with failing to cooperate with petitioner's investigation. Following the appointment of a Referee, the parties executed a stipulation resolving outstanding issues of fact and the Referee adopted the stipulation as his findings of fact.

We confirm the findings of fact and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990: DR 6-101 (A) (3), DR 7-101 (A) (2), DR 2-110 (A) (3) and DR 1-102 (A) (4) (22 NYCRR 1200.30 [a] [3]; 1200.32 [a] [2]; 1200.15 [a] [3]; 1200.3 [a] [4])—by neglecting legal matters entrusted to him, by failing to carry out a contract of employment entered into with a client for professional services, by failing to refund promptly any part of a fee paid in advance that has not been earned and by engaging in conduct involving misrepresentation; and DR 1-102 (A) (5) and (7) [now [8]) (22 NYCRR 1200.3 [a] [5], [7])—by engaging in conduct that is prejudicial to the administration of justice and that reflects adversely on his fitness to practice law.

In mitigation, respondent states that personal problems caused him to neglect his practice and further caused his excessive use of alcohol. Respondent further states that he is undergoing treatment for his alcohol abuse. We conclude that respondent should be censured upon condition that respondent agrees to participate in the program conducted by the New York State Bar Association Committee on Lawyer Alcoholism and Drug Abuse and to be monitored by that program for a period of 24 months. In the event that respondent should violate any of the provisions of the program or commit any new act of misconduct during the period of supervision, petitioner shall immediately apply for an order returning the proceeding to this Court for imposition of appropriate discipline (see, Matter of Reichert, 205 AD2d 5; Matter of Holm, 176 AD2d 48; Matter of McLeod, 172 AD2d 131).

DENMAN, P. J., GREENE, PINE, CALLAHAN and DOERR, JJ., concur.

Order of censure entered.