[632 NYS2d 739]

In the Matter of DANIEL E. BARRETT, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 29, 1995

## APPEARANCES OF COUNSEL

*Paul J. Ginnelly*, Syracuse, for petitioner.

*Michael J. Vavonese*, Syracuse, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this

Court on February 18, 1981 and maintains an office in Syracuse. The Grievance Committee has filed a petition charging respondent with neglecting five legal matters involving uncontested matrimonial actions, with neglecting a criminal matter, and failing to cooperate with its investigation. Respondent's answer denied the material allegations of the petition and the matter was referred for a trial of the issues of fact raised by the pleadings. The Referee sustained all charges except neglecting a criminal matter. The Grievance Committee moves to confirm, and respondent cross-moves to confirm in part and disaffirm in part the report filed by the Referee.

We confirm the findings of fact contained in the Referee's report. The record amply demonstrates that respondent neglected his clients and their legal matters by failing to return their telephone calls and failing to perform work on their cases after he had been paid, by allowing several actions to be dismissed without notifying his clients, and by failing timely to respond to the Grievance Committee's inquiries regarding the complaints.

Accordingly, we conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law; and

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

In considering the sanction to be imposed, we note that respondent previously received a letter of caution and a letter of admonition from the Grievance Committee as a result of his neglect of other legal matters. We note also his lack of cooperation with the Grievance Committee. We conclude that he should be suspended for six months and until further order of the Court (see, Matter of Gembarosky, 208 AD2d 118; Matter of Bridge, 196 AD2d 43).

DENMAN, P. J., GREEN, PINE, FALLON and WESLEY, JJ., concur.

Order of suspension entered.