[646 NYS2d 482]

In the Matter of ALBAN J. REICHERT, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 12, 1996

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Daniel A. Drake* of counsel), for petitioner.

*Robert E. Stevens,* Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Second Department, on February 5, 1960, and

maintains an office in Rochester. On September 30, 1994, this Court censured respondent and directed that he participate in the New York State Bar Association's Committee on Alcoholism and Drug Abuse for a period of 24 months (*Matter of Reichert*, 205 AD2d 5).

The Grievance Committee filed a new petition containing multiple charges of misconduct. Respondent's answer denied material allegations of the petition and a Referee was appointed to conduct a hearing on the issues of fact raised by the pleadings. Petitioner moves to confirm the report filed by the Referee. Respondent has opposed confirmation of the report and has cross-moved for a new hearing.

The Referee found that respondent converted clients' funds and property, neglected a client's matter, entered into a business transaction with a client without full disclosure, and represented clients with differing interests. We confirm the report of the Referee and deny respondent's motion for a new hearing.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct involving moral turpitude;

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 5-104 (A) (22 NYCRR 1200.23 [a])—entering into business transactions with a client without consent or full disclosure;

DR 5-105 (A) and (B) (22 NYCRR 1200.24 [a], [b])—representing clients with differing interests without consent or full disclosure;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3])—prejudicing or damaging a client during the course of the professional relationship; and

DR 9-102 (B) and (C) (22 NYCRR 1200.46 [b], [c])—failing to maintain client funds and property, converting client funds and property and failing to maintain records relating to client funds and property.

In mitigation, the Referee found that respondent has been an attorney for 35 years, has raised a family and educated his

children, has participated in church, civic and professional activities and serves as a Town Justice. He overcame serious physical handicaps to obtain his education and attain his present status. He has complied with the State Bar Association's Committee on Alcoholism and Drug Abuse and is continuing to receive treatment. However, the misconduct is serious, and we conclude that respondent should be suspended for two years and until further order of the Court. We also direct respondent to make restitution of the amount specified in the Referee's report.

DENMAN, P. J., GREEN, LAWTON, FALLON and CALLAHAN, JJ., concur.

Order of suspension entered.