[667 NYS2d 964]

In the Matter of Nicholas J. Sargent, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, February 4, 1998

## APPEARANCES OF COUNSEL

*Richard T. Sullivan* of counsel, Buffalo *(Sullivan & Oliverio,* attorneys), for respondent.

*Margaret C. Callanan,* Buffalo, for petitioner.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1972, and maintains an office in Buffalo. The

Grievance Committee filed a petition charging respondent with two counts of professional misconduct. The petition alleged that certain lending institutions represented by respondent's law firm, as well as other lending institutions that were prospective clients, requested proof of professional liability insurance from respondent. The petition further alleged that respondent, knowing that he had no professional liability insurance in effect, directed an employee to prepare and present to those clients and prospective clients false documents purporting to be current policies of professional liability insurance. Additionally, the petition charged respondent with notarizing an unsigned document that falsely certified that a certain individual was a member of a law partnership with respondent, and with directing an employee to file the document.

Respondent filed an answer denying material allegations of the petition and a Referee was appointed to conduct a hearing. Prior to the hearing, the parties stipulated to facts supporting the disciplinary violations. The Referee adopted the stipulated facts as findings and conducted a hearing on the issue of mitigation. The Referee found that respondent's conduct was willful, intentional and deceitful.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law; and

DR 1-104 (D) (1) (22 NYCRR 1200.5 [d] [1]) (formerly DR 1-104 [A] [1])—directing an employee to engage in conduct that violates a disciplinary rule.

We have considered the matters in mitigation, including respondent's previously unblemished record and involvement in community organizations. Accordingly, we conclude that respondent should be suspended from practice for one year and until further order of the Court.

PINE, J. P., LAWTON, HAYES, WISNER and BALIO, JJ., concur.

Order of suspension entered.