[676 NYS2d 385]

In the Matter of PETER S. AIELLO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 8, 1998

### APPEARANCES OF COUNSEL

*Edward C. Cosgrove,* Buffalo, for respondent.
*Vincent L. Scarsella,* Buffalo, for petitioner.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 20, 1973, and maintains an office in Buffalo. The Grievance Committee filed a petition charging respondent with five counts of professional misconduct. The petition alleged

that respondent neglected legal matters, causing damage to his clients, and failed to cooperate with the Grievance Committee's investigation. Respondent failed to answer or appear in response to the petition and was suspended by order entered September 30, 1997 (242 AD2d 975). Respondent thereafter filed an answer admitting the allegations in the petition and submitted matters in mitigation.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 2-110 (B) (4) (22 NYCRR 1200.15 [b] [4])—failing to withdraw from employment when discharged by a client;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (A) (1) (22 NYCRR 1200.32 [a] [1])—failing to seek the lawful objectives of a client through reasonably available means;

DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2])—failing to carry out a contract of employment entered into with a client for professional services; and

DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3])—intentionally damaging a client during the course of the professional relationship.

In mitigation, we note that, during the period of time in which the misconduct occurred, respondent was suffering from severe emotional problems from which he has recovered. The misconduct of respondent, however, resulted in harm to his clients. Additionally, respondent previously received a letter of caution and letter of admonition as a result of his neglect of other legal matters. Accordingly, we conclude that he should be suspended from practice for one year, effective September 30, 1997, and until further order of the Court (*see, Matter of Barrett*, 214 AD2d 231).

PINE, J. P., LAWTON, HAYES, BALIO and BOEHM, JJ., concur.

Order of suspension entered.