[711 NYS2d 803]

In the Matter of ROBERT W. HOCK, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 16, 2000

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti,* Syracuse, for petitioner.

*George David Rosenbaum,* New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Second Department, on July 24, 1991, and maintained an office for the practice of law in Liverpool. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from his conduct as counsel to a plaintiff in a personal injury action. Respondent

filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report that the Grievance Committee moves to confirm. Respondent requests that the charges in the petition be dismissed.

The Referee found that respondent submitted a false expert disclosure statement and made false statements to the trial court and to defense counsel with regard to the availability and prospective testimony of the expert witness.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (7) (former [8]) (22 NYCRR 1200.3 [a] [7] [former (8)])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5])—knowingly making a false statement of fact in his representation of a client; and

DR 7-106 (c) (7) (22 NYCRR 1200.37 [c] [7])—intentionally violating an established rule of procedure in appearing as a lawyer before a tribunal.

We have considered the mitigating factors submitted by respondent. After consideration of all of the circumstances, we conclude that respondent should be suspended for one year and until further order of the Court (*see, Matter of Sargent*, 240 AD2d 40; *Matter of Bridge*, 196 AD2d 43).

GREEN, J. P., PINE, WISNER, SCUDDER and KEHOE, JJ., concur.

Order of suspension entered.