[719 NYS2d 920]

In the Matter of ROBERT W. HOCK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 7, 2001

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti,* Syracuse, for petitioner.

*George David Rosenbaum,* New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Second Department, on July 24, 1991, and formerly maintained an office for the practice of law in Liverpool.

Respondent was suspended by this Court for one year, by order entered June 16, 2000 (274 AD2d 130), for acts of professional misconduct arising from his conduct as counsel to a

plaintiff in a personal injury action. Respondent submitted a false expert disclosure statement and made false statements to the trial court and to defense counsel regarding the availability and prospective testimony of an expert witness (*see, Matter of Hock*, 274 AD2d 130).

The Grievance Committee subsequently filed a petition charging respondent with submitting a false expert disclosure statement in another personal injury action. Respondent's submission of the false expert disclosure statement occurred within two weeks of the misconduct that formed the basis of respondent's suspension. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. Outstanding issues of fact were resolved by stipulation, and the hearing was conducted on matters in mitigation. The Referee filed a report that the Grievance Committee moves to confirm.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5])—knowingly making a false statement of fact in his representation of a client; and

DR 7-106 (c) (7) (22 NYCRR 1200.37 [c] [7])—intentionally violating an established rule of procedure in appearing as a lawyer before a tribunal.

Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year, effective June 16, 2000, and until further order of the Court.

PIGOTT, JR., P. J., WISNER, HURLBUTT, SCUDDER and KEHOE, JJ., concur.

Order of suspension entered.