[769 NYS2d 779]

In the Matter of MICHAEL J. DUFFY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 31, 2003

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Primo, Primo & Kirwan LLP*, East Syracuse (*John B. LaParo* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 27, 1985, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct including neglecting client matters. Respondent filed an answer admitting certain material allegations of the petition and the parties executed a stipulation resolving outstanding issues of fact. Respondent appeared before this Court and submitted matters in mitigation.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 4-101 (b) (1) (22 NYCRR 1200.19 [b] [1])—knowingly revealing a confidence or secret of a client;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds of a client or third person coming into his possession and render appropriate accounts to the client or third person regarding them.

We have considered, in mitigation, that the misconduct occurred at a time when respondent was suffering from psychological problems and alcoholism, for which he is receiving counseling and treatment. Additionally, we note respondent's expression of extreme remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured on condition that he continues to participate in and to be monitored by the New York State Bar Association Committee on Lawyer Alcoholism and Drug Abuse for a period of 24 months. In the event that respondent fails to continue in the program, violates a condition of participation in the program or commits an act of misconduct during the monitoring period, the Grievance Committee is authorized to apply for an order returning the proceeding to this Court for consideration of the imposition of additional discipline (*see Matter of Huyck*, 207 AD2d 88 [1994]; *Matter of Reichert*, 205 AD2d 5 [1994]).

GREEN, J.P., WISNER, SCUDDER, GORSKI and LAWTON, JJ., concur.

Order of censure entered.