[804 NYS2d 309]

In the Matter of ALAN J. HARRIS (Admitted as ALAN JAY HARRIS), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 22, 2005

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Sherry K. Cohen* of counsel), for petitioner.

No appearance by respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Alan J. Harris was admitted to the practice of law in New York by the Second Judicial Department on June 25, 1980, under the name Alan Jay Harris and at all times relevant to the period prior to his suspension, maintained an office for the practice of law within the First Judicial Department. By order entered November 16, 1993, this Court suspended respondent for a period of three years for, inter alia, dishonest conduct and conduct prejudicial to the administration of justice (193 AD2d 317 [1993]). Respondent has not moved for reinstatement.

In May 2005, the Disciplinary Committee notified respondent of an investigation commenced in response to a complaint alleging that during the period of respondent's New York suspension he represented the complainant in an immigration matter and falsely represented to the immigration court that he was a member in good standing of the bar of the State of New York. Thereafter, respondent advised the Committee of his desire to resign from the bar and submitted an affidavit of resignation. The Committee moves pursuant to 22 NYCRR 603.11 for an order accepting the affidavit of resignation.

Respondent, who states that he has resided in California since 1985 but is not a member of the California bar, admits that from 1997 through 2004 he worked as an attorney in a law office in Burbank, California and represented numerous clients before the immigration courts. Specifically, he admits that despite his New York suspension, he represented the complainant before the immigration court in Los Angeles in 2002 and, in connection with that representation, submitted a notice of appearance in which he stated, under penalty of perjury, that he was a member in good standing of the New York State bar and that he was not subject to any order "disbarring, suspending . . . or otherwise restricting [him] in the practice of law." Respondent states that his resignation is tendered freely and voluntarily, that he is not subject to coercion or duress and that he is fully aware of the implications of submitting his resignation. Further, he acknowledges that if charges were predicated on the allegations of misconduct under investigation he could not successfully defend himself against them on the merits.

Respondent's affidavit complies with this Court's rule regarding the resignation of attorneys (22 NYCRR 603.11), and we

have previously permitted attorneys charged with the unauthorized practice of law to resign in lieu of disbarment (*Matter of Rosen* 136 AD2d 138 [1988]).

Accordingly, the Committee's motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys, effective immediately.

TOM, J.P., SAXE, SULLIVAN, CATTERSON and McGUIRE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.