[824 NYS2d 623]

In the Matter of JAY I. GORDON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 9, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Hafetz & Necheles (Frederick P. Hafetz* and *Priya Chaudhry* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jay I. Gordon was admitted to the practice of law in the State of New York by the Second Judicial Department on September 18, 1985. At all times relevant herein, respondent was a partner in a firm with offices within the First Judicial Department.

In October 2005, the Disciplinary Committee filed charges against respondent. After a hearing, a Referee sustained the charges. Respondent resigned from the firm and has not engaged in the practice of law since November 2004. Respondent has filed an affidavit of resignation from the practice of law, sworn to June 30, 2006, and the Disciplinary Committee now moves pursuant to 22 NYCRR 603.11 for an order accepting respondent's affidavit of resignation. Respondent admits he cannot successfully defend himself against the statement of charges against him.

Respondent admits that between 1999 and 2002, he referred five clients to packagers of tax shelter schemes and, in turn, those packagers expressed their appreciation by kicking back over $1 million to respondent without the knowledge of either his clients or his partners. Moreover, in connection with one kickback, respondent caused the "referral fee" to be deposited into his firm's retainer account. He then created a series of fictitious bills, addressed to the client, but never sent, purporting to charge billable hours and expenses totaling over $540,000. Based upon these fake bills, the money was then transferred to the firm's income account, and respondent received a "fee collection credit" for his imaginary work.

Respondent admits that he accepted from one other than a client something of value related to his representation of a client in violation of Code of Professional Responsibility DR 5-107 (a) (2) (22 NYCRR 1200.26) and that he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3).

Respondent states that his resignation is tendered freely and voluntarily, that he is not subject to coercion or duress and that he is fully aware of the implications of submitting his resignation and further acknowledges that he could not successfully defend himself against the statement of charges filed against

him. Respondent's affidavit complies with this Court's rule regarding the resignation of attorneys (22 NYCRR 603.11).

Under these circumstances, the Committee's motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York (*see e.g. Matter of Harris*, 25 AD3d 209 [2005]).

BUCKLEY, P.J., MARLOW, SWEENY, McGUIRE and MALONE, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to June 30, 2006.