# Matter of James L. ROSENBERG, Attorney

## File D2008-233

*Decided as amended January 13, 2009[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  A claim by an attorney who is currently suspended from practice before the United States Court of Appeals for the Ninth Circuit that he is in good standing before the California State Bar is not a basis to set aside an order of the Board of Immigration Appeals suspending him from practice before the Board, the Immigration Courts, and the Department of Homeland Security.

(2)  It is not in the interest of justice to set aside the Board's immediate suspension order where the attorney failed to object to the Ninth Circuit Appellate Commissioner's Report and Recommendation and is therefore not likely to prevail on the merits of the attorney discipline case, given the heavy burden of proof under 8 C.F.R. § 1003.103(b)(2) (2008).

ON BEHALF OF RESPONDENT:  Robert G. Berke, Esquire, Canoga Park, California

FOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF GENERAL COUNSEL:  Scott Anderson, Deputy Bar Counsel

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Eileen M. Connolly, Appellate Counsel

BEFORE:  Board Panel:  OSUNA, Chairman; HOLMES and HESS, Board Members.

HOLMES, Board Member:

On September 4, 2008, the United States Court of Appeals for the Ninth Circuit suspended the respondent from the practice of law in that court for 1 year "for his violations of the court's rules and orders and ethical rules," as set forth in the Ninth Circuit Appellate Commissioner's Report and Recommendation of July 2, 2008.  Consequently, on September 26, 2008, the Office of General Counsel for the Executive Office for Immigration Review

---

[1]  The Office of General Counsel for the Executive Office for Immigration Review filed a motion requesting that we amend the November 18, 2008, order in this case and designate it as a precedent.  The motion is granted.  The amended order makes editorial changes consistent with our designation of the case as a precedent.

petitioned for the respondent's immediate suspension from practice before the Board of Immigration Appeals and the Immigration Courts pursuant to 8 C.F.R. § 1003.103(a) (2008) (providing for the immediate suspension of a practitioner who has been suspended by any Federal court). The Department of Homeland Security ("DHS") asked that the respondent be similarly suspended from practice before that agency. On October 9, 2008, we suspended the respondent from practicing before the Board, the Immigration Courts, and the DHS pending the final disposition of this proceeding. The respondent has submitted a motion requesting that we set aside that order. We decline to reconsider our October 9, 2008, order suspending the respondent from practice.

The July 2, 2008, Report and Recommendation of the Ninth Circuit Appellate Commissioner found that the respondent was the attorney of record in 19 petitions for review concerning immigration cases that were dismissed for failure to prosecute, and that his "violation of the court's rules and lack of diligence interfered with the judicial process." According to the report, the respondent's "conduct with respect to [removal] stay motions has demonstrated a lack of competence that has harmed his clients." The report also concluded that the respondent's practices concerning immigration briefs demonstrated "a lack of competence that has potentially harmed his clients." In assessing the proper discipline, the report stated the following:

> In view of the pervasive lack of competence that Rosenberg has displayed, his conduct is subject to reprimand or suspension. Because the aggravating factors are numerous and serious, suspension is more appropriate. Rosenberg's avowed dedication to helping his clients is credible as well as admirable. But Rosenberg's failure to appreciate or acknowledge the inadequacies of his representation of those clients supports the conclusion that he should be suspended from practice before the Ninth Circuit, and required to engage in comprehensive ethical and appellate practice training as a condition for reinstatement.

The respondent contends that the immediate suspension order should be set aside because the Ninth Circuit made no findings regarding his practice before the Board, the Immigration Courts, or the DHS. He asserts that he is still licensed to practice law in California, except in proceedings before the Ninth Circuit. The respondent argues that the immediate suspension order brings hardship upon his employees, and he notes that he has hundreds of immigration clients.

An immediate suspension order may be set aside "[u]pon good cause shown . . . when it appears in the interest of justice to do so." 8 C.F.R. § 1003.103(a)(2). We find that the respondent has failed to show good cause for setting aside the immediate suspension order.

As the Office of General Counsel argues, the respondent's misconduct before the Ninth Circuit is indeed related to his actions in immigration cases.

The Office of General Counsel also notes that because the respondent is currently prohibited from practicing law before the Ninth Circuit, he is not eligible to practice before the Board, the Immigration Courts, or the DHS, regardless of his status before the California State Bar.  *See* 8 C.F.R. § 1292.1(a)(1) (2008) (referencing 8 C.F.R. § 1001.1(f) (2008), which defines an attorney as a person who is a member in good standing of a bar and "is not under any order of any court suspending . . . him in the practice of law").  Therefore, the respondent's claimed good standing before the California State Bar is not a basis for reconsidering the immediate suspension order in this case.  Moreover, as the Office of General Counsel asserts, the respondent has failed to otherwise show reason for reconsideration of the immediate suspension order based on claimed hardship to his law practice or his clients.  Significantly, the respondent employs three attorneys in his practice who presumably could handle upcoming matters.

Finally, as the Office of General Counsel also argues, it is not in the interest of justice to set aside the immediate suspension order, given the heavy burden of proof on the respondent concerning the merits of the attorney discipline case.  *See* 8 C.F.R. § 1003.103(b)(2).  The regulations provide for summary disciplinary proceedings against a practitioner who, like the respondent, has been suspended by an order of a Federal court.  8 C.F.R. § 1003.103.  Such an order creates a rebuttable presumption that disciplinary sanctions should follow.  8 C.F.R. § 1003.103(b)(2); *see also Matter of Truong*, 24 I&N Dec. 52, 54 (BIA 2006).  This presumption can be rebutted only upon a showing that the underlying disciplinary proceeding resulted in a deprivation of due process, that there was an infirmity of proof establishing the misconduct, or that discipline would result in grave injustice.  8 C.F.R. § 1003.103(b)(2).  As the respondent did not object to the Ninth Circuit Appellate Commissioner's Report and Recommendation, it is unlikely that he can rebut the presumption set forth in the regulations.

The respondent has requested a hearing on the charges in the Notice of Intent to Discipline.  The record will be forwarded to the Office of the Chief Immigration Judge pursuant to 8 C.F.R. § 1003.106 (2008).

**ORDER:**  The respondent's motion to set aside the immediate suspension order is denied.

**FURTHER ORDER:**  The record is forwarded to the Office of the Chief Immigration Judge for further proceedings.