Boutros Albert **KATTRA**, Petitioner,

v.

Eric H. **HOLDER** Jr., Attorney General, Respondent.

No. 05–70387.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 2008.

Filed Sept. 10, 2009.

Seth M. Hufstedler, Morrison & Forester LLP, Los Angeles, CA, for Petitioner.

Boutros Albert Kattra, Bryant Yuan Fu Yang, Esquire, Morrison & Foerster LLP, Los Angeles, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice, Washington, DC, Leslie McKay, Esquire, Senior Litigation, Anthony Paul Nicastro, Esquire, Trial, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON and D.W. NELSON, Circuit Judges, and SINGLETON,* Senior District Judge.

## MEMORANDUM **

Boutros Albert Kattra ("Kattra"), a native and citizen of Lebanon, asks us to review the Board of Immigration Appeals's ("BIA") decision denying his motion to reopen his removal proceedings.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review denials of motions to reopen under an abuse of discretion standard. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (citing *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996)). Reversal is only appropriate where the BIA's denial of the motion to reopen is "arbitrary, irrational, or contrary to law." *Id.* (citing *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir.1985)).

In his motion to reopen before the Immigration Judge ("IJ"), Kattra was represented by James L. Rosenberg.[1] Rosen-

---

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Rosenberg represented Kattra in his January 20, 2004 motion to reopen before the IJ. The IJ denied the motion on February 18, 2004. Rosenberg then represented Kattra in his March 5, 2004 appeal to the BIA. The BIA adopted and affirmed the IJ's denial on December 23, 2004. Rosenberg initially represented Kattra before this court in January 2005. In April 2008, however, this court appointed Seth M. Hufstedler and Bryant Yuan Fu Yang of Morrison & Foerster LLP as pro bono amicus counsel. Rosenberg was suspended from practice before the Ninth Circuit in September 2008 for a period of one year. *See Matter of James L. Rosenberg*, 24 I. & N. Dec. 744 (BIA 2009). He was terminated as Kattra's counsel of record on September 25, 208. Hufstedler and Yang appeared before the court at oral argument on December 11, 2008. As recounted by the BIA, the Ninth Circuit Appellate Commissioner "found that [Rosenberg] was the attorney of record in 19 petitions for review concerning immigration cases that were dismissed for failure to prosecute, and that his 'violation of the court's rules and lack of diligence interfered with the judicial process.'" *Id.* at 745. The Appellate Commissioner further found that Rosenberg's "practices concerning immigration briefs demonstrated 'a lack of competence that has potentially harmed his clients.'" *Id.*

After our court's suspension, the Office of General Counsel for the Executive Office for

berg argued that Kattra's prior counsel failed to advise the immigration court that Kattra was the beneficiary of an approved labor petition. The motion did not name Kattra's prior counsel, but explained that prior counsel had resigned from the state bar. Accordingly, the motion explained that it did not conform to the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988) because the state bar lacked jurisdiction over Kattra's prior counsel. The IJ denied Kattra's motion to reopen on February 18, 2004.

On March 5, 2004, Kattra filed his Notice of Appeal with the BIA. Still represented by Rosenberg, Kattra clarified that he had originally attempted to retain James Valinoti[2] for legal representation, but that another attorney appeared instead on the date of Kattra's merits hearing.[3] The Notice of Appeal to the BIA argues that the attorney who appeared at Kattra's merits hearing had no knowledge of Kattra's case, and that the immigration court was not advised that Kattra had an approved labor certification. The BIA adopted and affirmed the IJ's denial of the motion to reopen on December 23, 2004.

Before this court and with the aid of Seth M. Hufstedler and Bryant Yuan Fu Yang of Morrison & Foerster LLP, as pro bono counsel, Kattra provided additional facts and claims in support of his appeal

from the BIA's denial of his motion to reopen. Through pro bono counsel, Kattra alleged that when he went to Valinoti's office for the first time, he was told that Valinoti was not there and he was instead directed to a man named "Pedro." Kattra alleges that he believed "Pedro" was an attorney working for Valinoti. According to Kattra, he specifically asked "Pedro" to represent him before the IJ, and "Pedro" never notified Kattra that he was not, in fact, an attorney.

Kattra alleges that "Pedro" arranged for other attorneys who were not knowledgeable about Kattra's case to represent Kattra at his hearings before the IJ. Before his third and final hearing, Kattra claims that "Pedro" briefed an attorney on Kattra's case in the few minutes it took to walk from Valinoti's office to the immigration court. Kattra alleges that that attorney was not knowledgeable about Kattra's case and did not advise the immigration court of Kattra's pending labor certification. Believing he had no other choice when he appeared before the IJ, Kattra agreed to accept voluntary departure. He later sought the advice of Rosenberg, who represented him in his motion to reopen before the IJ, his appeal to the BIA of the IJ's denial of the motion to reopen, and, initially, in his appeal to this court.

Unfortunately, we cannot review Kattra's additional facts, which were not pre-

---

Immigration Review petitioned for Rosenberg's immediate suspension from practice before the immigration courts and the Board of Immigration Appeals. *Id.* at 744–45. The Department of Homeland Security also asked that Rosenberg be barred from practice before it. *Id.* at 745. On October 9, 2008, the BIA suspended Rosenberg from practice before the BIA, the immigration courts, and the Department of Homeland Security. *Id.*

**2.** James Valinoti resigned from the state bar with charges pending against him in 2003. *See Morales Apolinar v. Mukasey,* 514 F.3d 893, 894 n. 1 (9th Cir.2008) (listing cases describing poor representation by Valinoti or

his firm), *Id.* at 896 n. 4 (pointing out that "Valinoti handled more than 2,720 immigration cases in a two-year period in a manner that was 'reckless and involved gross carelessness,'" and that he "routinely 'placed his interests above those of his clients' by permitting non-lawyers to perform legal work'").

**3.** The Notices of Entry of Appearance contained in the record show that attorneys from the Law Offices of John P. Bruno represented Kattra. Mr. Bruno was ordered disbarred on November 15, 2006. *In re John Pasquale Bruno,* No. 06–N–11711 (Cal. Bar Ct. Nov. 15, 2006).

sented to the BIA, nor his unexhausted claims of ineffective assistance of counsel. We must therefore deny for failure to exhaust administrative remedies his petition for review, which has passed "[t]hro' many dangers, toils, and snares." *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994); *Olivar v. INS*, 967 F.2d 1381, 1382–83 (9th Cir.1992). We exercise our authority, however, to stay the mandate for 120 days, subject to extension for good cause shown, to permit Kattra to file a motion to reopen with the BIA. Now that Kattra has competent counsel, such a motion to reopen would permit Kattra to properly develop the record with additional facts, deal with the issue of unexhausted claims, and brief any relief for which he may now be eligible. The stay of the mandate shall be continued until the BIA disposes of the motion to reopen. *See, e.g., Aguilar–Escobar v. INS*, 136 F.3d 1240, 1241 (9th Cir. 1998).

**PETITION FOR REVIEW DENIED. MANDATE STAYED.**