**NOT FOR PUBLICATION**

FILED



DEC 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARAPET VARPETYAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 06-73241<br><br>Agency No. A075-756-624<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2010[**]
Pasadena, California

Before: PREGERSON and M. SMITH, Circuit Judges, and HOLLAND, Senior
District Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable H. Russel Holland, Senior United States District Judge
for the District of Alaska, sitting by designation.

Karapet Varpetyan ("Varpetyan"), a native and citizen of Armenia, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Varpetyan timely submitted an application for asylum claiming that he feared persecution by the Armenian government on account of his political activities with the Armenian National Movement ("ANM"). Varpetyan stated that he had been arrested and badly beaten by officials from the Ministry of Internal Affairs because he refused to provide false testimony about other ANM members. An asylum officer referred Varpetyan's case to the Immigration Court. While Varpetyan's case was still pending in the Immigration Court, Varpetyan's wife sent him a letter that had been delivered to their house in Armenia from the Office of the Public Prosecutor of Armenia ("Prosecutor's Notice") informing Varpetyan that he was required to appear before a government investigator. Varpetyan submitted the Prosecutor's Notice to the Immigration Court in support of his asylum claim, and the government requested that Varpetyan authenticate the document. Varpetyan's counsel submitted the document to a "service" in Los

Angeles, which affixed an apostille[1] certifying the document's authenticity. A report from the Department of Homeland Security ("DHS") concluded that the Prosecutor's Notice and its apostille were fraudulent.

The IJ denied Varpetyan relief solely because Varpetyan had submitted an allegedly fraudulent apostille. The BIA adopted and affirmed the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994).

We have jurisdiction under 8 U.S.C. § 1252, and we conclude that the IJ abused his discretion in denying Varpetyan's attorney's motion for a continuance.

Prior to Varpetyan's merits hearing, his attorney, Alan Harris,[2] was in a car accident. Harris asked Attorney James L. Rosenberg[3] to take over Varpetyan's case. Varpetyan attempted to contact Attorney Rosenberg about a month before

---

[1]An apostille is an international certification that authenticates the origins of a public document. *See* The Hague Convention Abolishing the Requirement for Legalisation for Foreign Public Documents, Oct. 5, 1961, 33 U.S.T. 883, 527 U.N.T.S. 189.

[2]Varpetyan was represented in five of his first six hearings by Alan Harris, who has since resigned from the New York Bar after admitting to engaging in the unauthorized practice of law during the time period he represented Varpetyan before the Immigration Court. *See In re Harris*, 804 N.Y.S.2d 309 (App. Div. 2005).

[3]We note that the Ninth Circuit suspended Attorney Rosenberg in September 2008 from the practice of law in the Ninth Circuit for conduct unbecoming a member of the Ninth Circuit's Bar. *See Matter of Rosenberg*, 24 I. & N. Dec. 744 (BIA 2009); *see also In re Rosenberg*, No. 08-J-13482 (Cal. St. Bar Ct. Sept. 30, 2010), *available at* http://members.calbar.ca.gov/courtDocs/08--J-13482.pdf.

Varpetyan's merits hearing, but Attorney Rosenberg did not meet with Varpetyan until the day before his hearing. On the day of Varpetyan's merits hearing, Attorney Rosenberg requested "a very brief continuance" because he was not prepared to provide effective assistance of counsel. The IJ denied Attorney Rosenberg's motion for a continuance.

We consider the following factors in determining whether a continuance should have been granted: "(1) the importance of the evidence" that would have been submitted, "(2) the unreasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008). An IJ may grant a petitioner's request for a continuance for good cause after making a meaningful inquiry based on the above-mentioned factors. 8 C.F.R. § 1003.29. *See Ahmed v. Holder*, 569 F.3d 1009, 1014 (9th Cir. 2009).

First, it was critical to Varpetyan's case that his new attorney, Rosenberg, be prepared to address the IJ's concerns about Varpetyan's submission of an allegedly fraudulent document, particularly because his previous counsel's submission of that document was the sole basis of the IJ's adverse credibility finding. In fact, the IJ emphasized how critically important it was for Varpetyan's attorney – who met with his client for the first time the day before the hearing – to prepare Varpetyan's

4

case properly. The IJ acknowledged (1) that the case would have been different had the document in question never been submitted, and (2) that Attorney Rosenberg could have addressed the IJ's concerns if Rosenberg had taken the document to the Armenian Consulate for authentication. By denying the continuance, the IJ impaired Varpetyan's ability to obtain effective assistance of counsel, *see, e.g.*, *Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988), and to avoid the adverse credibility finding that was of "vital importance" to the IJ's decision, *see, e.g.*, *Cui*, 538 F.3d at 1293.

Second, Varpetyan's actions were reasonable under the circumstances. Varpetyan trusted that his previous attorney, Alan Harris, would have taken some action to address the DHS report that concluded that the Prosecutor's Notice and its apostille were fraudulent. *See Mohammed v. Gonzales*, 400 F.3d 785, 792 n.7 (9th Cir. 2005) ("For the alien unfamiliar with the laws of our country, an attorney serves a special role in helping the alien through a complex and completely foreign process.") (internal quotation marks and citation omitted). Moreover, Varpetyan did not even have the original document to authenticate on his own because the Prosecutor's Notice was never returned to him after the government conducted its investigation. Finally, the BIA's conclusion that Varpetyan "had over six months to find a new attorney" does not accurately reflect the circumstances of

5

Varpetyan's situation. Varpetyan acted reasonably considering: (1) Varpetyan reasonably relied on his previous attorney, Alan Harris, to properly transfer Varpetyan's case to another attorney after Alan Harris's car accident; (2) Varpetyan attempted to contact his new attorney, Rosenberg, in advance of Varpetyan's merits hearing, and (3) Varpetyan did not have an opportunity to meet with Attorney Rosenberg until the day before Varpetyan's merits hearing because Rosenberg had been on vacation and busy with other matters. In other words, Varpetyan himself was not responsible for the unreasonable delay in requesting a continuance; his attorneys were. "If an alien exercises his or her statutory right to retain counsel in a deportation proceeding, it is reasonable that an alien would give effective control of his or her case to retained counsel." *Monjaraz-Munoz v. INS*, 327 F.3d 892, 896 (9th Cir. 2003). Thus, we conclude that Varpetyan acted reasonably under the circumstances.

Third, granting a short continuance for Varpetyan's counsel to familiarize himself with the case would not have resulted in any inconvenience to the IJ or to the government. While the IJ stated that Washington mandated that "these types of cases" be completed by June 30, we have no information about this supposed mandate. Additionally, because Varpetyan's merits hearing was on March 8, there is no evident reason why the IJ could not grant Attorney Rosenberg's request for a

6

"very brief continuance" and still be able to meet the June 30 deadline. To the extent that the IJ's caseload prevented such a brief continuance, not only is this explanation not reflected in the record, but we have stated that "an immigrant's right to have [his or] her case heard should not be sacrificed because of the IJ's heavy caseload." *Cui*, 538 F.3d at 1295. We conclude that any potential inconvenience to the court in Varpetyan's case is not outweighed by the result of allowing the proceedings to continue with an attorney who admitted that he was unprepared and unable to provide effective assistance.

Fourth, even though Varpetyan's case had been pending for almost four years, only three of the numerous continuances were directly attributable to Varpetyan's attorney's motions for a continuance. Even when a petitioner has sought multiple continuances, we have found that "the interest in administrative efficiency cannot justify the pretermission of [petitioner's] claims where the other factors we have addressed . . . all militate strongly in [petitioner's] favor." *Karapetyan v. Mukasey*, 543 F.3d 1118, 1132 (9th Cir. 2008). This is particularly true where, as here, the IJ and the government were responsible for a number of prior continuances. *Cui*, 538 F.3d at 1295.

In sum, the factors in Varpetyan's case, particularly the importance of the apostille in the IJ's decision denying Varpetyan relief, the need to protect

7

Varpetyan's right to effective representation, the reasonableness of Varpetyan's actions, and the minimal inconvenience to the Immigration Court, weigh in favor of a finding that the IJ abused his discretion in denying the continuance. Therefore, we conclude that the IJ abused his discretion in denying Varpetyan's motion for a continuance, and remand to the BIA for proceedings consistent with this conclusion.[4]

Petition **GRANTED; REMANDED** for further proceedings.

---

[4]The IJ's error in denying Varpetyan's motion for a continuance warrants the reopening of his case. That being so, there is no need for us to reach the merits of Varpetyan's challenge to the IJ's adverse credibility finding, which we expect will be addressed at a new hearing.