**Rosenda Eufemia AGUILAR–ESCOBAR, aka Rosenda Escobar Aguilar, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 97–70732.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 1998.*

Decided Feb. 19, 1998.

Stephen Shaiken, San Francisco, CA, for petitioner.

Papu Sandhu, United States Department of Justice, Washington, DC, for respondent.

Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.

GOODWIN, Circuit Judge:

Petitioner admitted deportability and sought asylum in 1992. Her petition has been before the Board of Immigration Appeals twice and before this court twice. Her facts, which are substantially undisputed,

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34–4.

present a woman who was harassed and threatened by outlaws whom the government in El Salvador could not, or would not control. Her most recent appeal to the Board of Immigration Appeals was denied because her persecution, which was more or less conceded, was not *on account of* one of the grounds enumerated in the Act[1] (race, religion, nationality, membership in a particular social group, or political opinion).

Ms. Aguilar-Escobar worked as a bus dispatcher, and her husband was a police officer. Another relative was mayor of the town in which they lived. Because of her government job, and because of the armed conflict between the police and government forces on the one hand and the anti-government guerillas on the other, she felt threatened, and left El Salvador. She arrived in the United States without inspection in 1989. We are unable, consistent with *INS v. Elias–Zacarias,* 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), to hold that the petitioner is qualified for asylum. The Board's decision was free from legal error.

Because the petitioner arrived in the United States prior to September 9, 1990, she may be entitled to relief under the Nicaraguan Adjustment and Central American Relief Act of 1997. Pub.L. No. 105–100, 111 Stat. 2160 (Nov. 19, 1997), *as amended by* Act of Dec. 2, 1997, Pub.L. No. 105–139, 111 Stat. 2644. Because of the possibility that she may qualify, on a proper application, for a remedy under the 1997 Act, we will stay the mandate for ninety days. If the petitioner applies for relief under the 1997 Act within ninety days from the date this disposition is filed, the stay will continue until her application is disposed of. If no timely application is made, the petition will be denied and the mandate will be filed on May 19, 1998.

Mandate stayed. This panel will retain jurisdiction.

---

1. § 208 of the Refugee Act of 1980, 8 U.S.C. §§ 1101(a)(42), 1158(a).