142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mario Rocael SONTAY, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70279.
INS No. Arm-cvu-vqu.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mario Rocael Sontay, a native and citizen of Guatemala, petitions for review from the Board of Immigration Appeals' (BIA) decision affirming the order of the Immigration Judge which found Sontay deportable and denied his request for suspension of deportation under section 244(a) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a).
 
 
 3
 Because the BIA's final order of deportation was entered on February 23, 1997, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) apply. See Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir.1997). The BIA determined in its discretion that Sontay failed to demonstrate extreme hardship. We therefore lack jurisdiction to review the BIA's findings. See IIRIRA § 309(c)(4)(E); Kalaw, 133 F.3d at 1152.
 
 
 4
 Sontay arrived in the United States prior to September 9, 1990, and therefore, he may be entitled to relief under the Nicaraguan Adjustment and Central American Relief Act of 1997. Pub.L.No. 105-100, 11 Stat. 2160 (Nov. 19, 1997), as amended by Act of Dec. 2, 1997, Pub.L. No. 105-139, 11 Stat. 2644. See Aguilar Escobar v. INS, 136 F.3d 1240, 1241 (9th Cir.1998). Because of the possibility that he may qualify, in a proper application, for a remedy under the 1997 Act, we will stay our mandate for ninety days. See id. If Sontay applies for relief under the 1997 Act within 90 days from the date this disposition is filed, the stay will continue until his application is disposed of. If no timely application is made, the petition will be denied and the mandate will be filed on July 20, 1998.
 
 
 5
 DISMISSED. MANDATE STAYED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3