Harbhajan SINGH, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–72805.

Agency No. A76–858–631.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided June 16, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

Earle A. Sylva, George T. Heridis, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Hillel Smith, Anthony W. Norwood, Esq., Victor M. Lawrence, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, NOONAN, and THOMAS, Circuit Judges.

## MEMORANDUM**

The Board of Immigration Appeals found that Singh had "actively participated in persecutory acts," implicitly incorporating the Immigration Judge's conclusion that he had persecuted others on account of their political opinion and nationality. The record does not support this legal conclusion.

The law is clear. "Persecution occurring because a person is a current member of a police force or the military, however, is 'not on account of one of the grounds enumerated in the Act.'" *Cruz–Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir.2000) (*quoting Aguilar–Escobar v. INS*, 136 F.3d 1240, 1241 (9th Cir.1998)). A military group is usually organized along political or nationality lines. That does not convert persecution of its members into persecution based on an enumerated ground. We must still ask what the persecutor's motive was in attacking members of this group. *Vukmirovic v. Ashcroft*, 362 F.3d 1247 (9th Cir.2004). Here, Singh credibly testified that the POWs were persecuted for their membership in the army.[1] The record before us does not establish that the persecution was based on either an imputed political opinion or nationality.

As to the beaten civilians, Singh credibly testified, "Whether those civilians were in

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Contrary to the IJ's conclusion, the evidence suggests that the soldiers beaten were those the Indian Army believed were responsible for the atrocities. Particularly suggestive is that only nine or ten *specific* soldiers were ordered

beaten in a camp with over 1,000 POW soldiers. Singh's unit was ordered to inquire "why they have mistreated our soldiers like that." During the beatings, Singh's unit inquired as to why the atrocities occurred—an act that would make little sense if these were non-culpable Pakistani soldiers. As such, the ostensible motivation was not membership in a protected class, but a specific past act. However, the grounds relied upon in this opinion do not require us to decide whether those persecuted were the actual persecutors.

favor or against or what opinion they had, we were not knowing about that." The government bears the burden of establishing the protected grounds on which it relies; here, the record before us does not support the finding of persecution on account of a protected ground. Accordingly, we remand to the Board for development of the record.

The Board concluded that Singh has not produced sufficient evidence to qualify under the Convention Against Torture. No evidence has been presented that compels reversal of that determination.

Petition GRANTED; case REMANDED.