Preet KAUR, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–71719.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2007.*

Filed Sept. 5, 2008.

Richard E. Oriakhi, Esquire, Roman & Singh, LLP, Fremont, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jacob Bashyrov, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Preet Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' denial as untimely of her motion to reopen proceedings in which her applications for asylum, withholding of removal, and relief under the Convention Against Torture had been denied. She contends that pursuant to 8 C.F.R. § 1003.2(c)(3)(ii), the 90–day limit for filing a motion to reopen did not apply because she based her motion on changed country conditions. We disagree; Kaur's motion stated that conditions in India have not changed. We therefore dismiss the petition for review for failure to exhaust administrative remedies. *See Singh–Bhathal v. INS,* 170 F.3d 943, 947 (9th Cir.1999).

There is, however, an alternative form of relief to which Kaur may be entitled. Kaur's husband is either a United States citizen or a lawful permanent resident.[1] In 2002, he filed an I–130 petition on her behalf, a petition that ordinarily takes 135–165 days to process. It is now over five years and apparently no decision has been rendered. We therefore exercise our authority to stay the mandate pending resolution of Kaur's I–130 which, if granted, may enable Kaur to remain in the United States with her husband. *See, e.g., Aguilar–Escobar v. INS,* 136 F.3d 1240, 1241 (9th Cir.1998).

**PETITION FOR REVIEW DISMISSED. MANDATE STAYED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The documents submitted to the Court contain contradictory information as to Kaur's husband's status. However, both lawful permanent residents and United States citizens may file I–130 petitions on behalf of their spouse.

