**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANGEL CHAVEZ-JOAQUIN and ERIKA DINA PORTILLO-TORRES a/k/a/ ERIKA DINA PORTILLO a/k/a ERIKA PORTILLO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71414 <br><br> Agency Nos. A099-577-166 and A099-577-168 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2010**
Seattle, Washington

Before: M. SMITH and THOMAS, Circuit Judges; COLLINS, District Judge***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Raner C. Collins, United States District Judge, in and for the District of Arizona, sitting by designation.

Substantial evidence supports the determination by the Board of Immigration Appeals ("BIA") that petitioners did not establish eligibility for asylum. Chavez-Joaquin has not established that any persecution he suffered in El Salvador was on account of a protected ground. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000) ("Persecution occurring because a person is a current member of a police force . . . is 'not *on account of* one of the grounds enumerated in the Act.'" (emphasis added) (citing *Aguilar-Escobar v. INS*, 136 F.3d 1240, 1241 (9th Cir. 1998))).

Substantial evidence also supports the BIA's determination that petitioners have not demonstrated a well-founded fear of future persecution. Without more, the threats Chavez-Joaquin allegedly received from gang members do not rise to the requisite level for asylum eligibility. *See Mendez-Gutierrez v. Gonzales,* 444 F.3d 1168, 1172 (9th Cir. 2006). Having failed to establish asylum eligibility, petitioners do not satisfy the higher standard required for withholding of removal under 8 U.S.C. § 1231(b)(3). *Ramadan v. Gonzales*, 479 F.3d 646, 658 (9th Cir. 2007) (per curiam).

Substantial evidence also supports the BIA's denial of relief under the Convention Against Torture, given that only a single, unsubstantiated assertion presented to the BIA refers to the likelihood of torture. *See Villegas v. Mukasey*,

523 F.3d 984, 988 (9th Cir. 2008) ("An applicant for CAT relief has the burden 'to establish that it is more likely than not that he . . . would be tortured if removed.'" (quoting *Al-Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir. 2001)) (alteration in original)).

**PETITION DENIED.**