**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KENNETH MICHAEL MYERS,
                                   *Petitioner,*

              v.

ERIC H. HOLDER JR., Attorney
General,
                                   *Respondent.*

No. 07-72858

Agency No.
A030-772-080

ORDER

Filed October 20, 2011

Before: Harry Pregerson, Dorothy W. Nelson, and
Sandra S. Ikuta, Circuit Judges.

Order;
Dissent by Judge Ikuta

---

## ORDER

Mr. Myers's motion to stay issuance of the mandate pending adjudication of his motion to reopen before the Board of Immigration Appeals (BIA) is **GRANTED**. *See Aguilar-Escobar v. INS*, 136 F.3d 1240, 1241 (9th Cir. 1998) (staying the mandate until the petitioner's application before the BIA is disposed of); *Alvarez-Ruiz v. INS*, 749 F.2d 1314, 1316 (9th Cir. 1984) (staying the mandate sixty days to allow time for the petitioner to seek relief from the BIA and for such further time as is required for disposition of the application before the BIA); *Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir. 2000) (staying the mandate ninety days so that the petitioner can file a motion to reopen before the BIA); *Roque-Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir. 1985) (staying the mandate sixty days to allow time for the petitioner to file a motion

to reopen before the BIA and once filed, staying the mandate for such further time as is necessary for the disposition of the motion by the BIA).

Should the BIA grant the motion to reopen, the mandate will be stayed pending its disposition of the case. Should the BIA deny the motion, the mandate will issue immediately. The parties shall advise this court immediately upon the BIA's decision.

---

IKUTA, Circuit Judge, dissenting:

Once again a panel of this court elects to interfere with the normal procedures of the Department of Homeland Security and the applicable regulatory framework, and in the process "provide[s] a windfall for an alien who happens to appeal to this court, not available to aliens who do not happen to appeal." *Valderrama v. INS*, 260 F.3d 1083, 1086 (9th Cir. 2001).

This panel adjudicated the legal issues in Myers's claim and rendered its decision on October 8, 2010. The subsequent petition for rehearing was denied, and Myers filed a petition for a writ of certiorari with the Supreme Court. We granted a request to stay the mandate during the pendency of that petition. Certiorari was denied on October 3, 2011. Myers has received full consideration of his claims, and now the mandate should issue accordingly.

Myers seeks to reopen his case with the BIA, citing changes in the law. That is his right, as it would be the right of any other similarly situated alien likewise affected by the fundamental change of the law he cites. *See* 8 C.F.R. § 1003.2(c); *see also In re G-D-*, 22 I. & N. Dec. 1132, 1134 (BIA 1999) (sua sponte reopening may be warranted where there is a manifest turn on the cited change in law).

But the applicable regulations make clear that filing a motion to reopen does not ordinarily stay the execution of a decision made in a prior proceeding. Rather, the BIA, the Immigration Judge, "or an authorized officer of the Service" must specifically grant such a stay. *See* 8 C.F.R. § 1003.2(f). These are the procedures established by the BIA and DHS under the authority granted by Congress, procedures that apply equally to every alien who ends up in Myers's situation.

Myers, however, asks this court to interject itself into the normal processes of the BIA, and grant a special dispensation to this particular petitioner so that he will not face the prospect of removal even if the BIA declines to issue a stay of execution under its regulations. *See* 8 C.F.R. § 1003.2(f). The majority grants Myers's request as a matter of course, and thus rewards Myers's failure to follow the established procedures under § 1003.2(f), even though instructions for doing so are clearly printed on the form on which he submitted his motion to reopen. Indeed, there is no indication that Myers has even requested a stay from the BIA, relying instead upon this court to be his protector.

Rather than providing any reasoning or basis for interfering with agency procedures, the majority provides a string cite to a handful of cases, mainly from the 1980s, that granted a similar stay, likewise without reasoning or explanation of any sort. Yet in the face of regulations promulgated in 1996 that explicitly place the power to stay removal during the pendency of a motion to reopen with the BIA, *see* 61 Fed. Reg. 18,900, 18,904 (Apr. 29, 1996) (codified at 8 C.F.R. § 1003.2(f)), the court has a duty to explain its authority and reasons for overriding this rule. Instead, the majority's reflexive issuance of a stay frustrates the agency's evenhanded application of its regulatory scheme and raises separation of power concerns. Moreover, it is unfair: it disadvantages aliens who have not appealed to this court by giving special benefits to those who have. *See Valderrama*, 260 F.3d at 1086.

I respectfully dissent.